[Cite as *State v. Midlam*, 2014-Ohio-1109.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25731 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 10-CR-1691 |
| v. | : | |
| | : | |
| COLE MIDLAM | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of March, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by APRIL F. CAMPBELL, Atty. Reg. #0089541, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

JEFFREY GRAMZA, Atty. Reg. #0053392, Talbott Tower, Suite 1210, 131 North Ludlow Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Cole Midlam appeals from his sentence for three counts of Aggravated Robbery. He contends that the trial court abused its discretion by imposing a disproportionate, excessive, and unreasonable sentence. He also contends that the trial court erred by

imposing court costs without advising him that he might be required to perform community service if he does not pay the court costs.

**{¶ 2}**    We conclude that the sentence – three concurrent ten-year terms – is neither disproportionate, excessive, nor unreasonable.   The State concedes, and we agree, that the trial court did err by imposing court costs without advising Midlam that he might have to perform community service if he does not pay the court costs.   The State requests that the matter be remanded for a proper imposition of court costs.

**{¶ 3}**    Accordingly, the order to pay court costs is Reversed; and this cause is Remanded for a proper imposition of court costs.   In all other respects, the judgment of the trial court is Affirmed.

## I.   The Course of Proceedings

**{¶ 4}**    Midlam was charged by indictment with three counts of Aggravated Robbery, by means of a deadly weapon, in violation of R.C. 2911.01(A)(1), felonies of the first degree.   One of the offenses occurred in January, 2010; the other two in May, 2010.   All three robberies were of pharmacies; Midlam demanded Oxycontin, to supply an addiction to that drug.   During one of the robberies, Midlam told the employee:   "Get all the Opana, if I have to say it again I'm gonna shoot you."   No firearm specifications were attached to any of the counts in the indictment.

**{¶ 5}**    Midlam pled guilty to the charges. The trial court ordered a pre-sentence investigation.   Midlam was sentenced to imprisonment for ten years on each of the three counts, to be served concurrently with each other, and also concurrently with a twenty-year sentence he was serving in Indiana. (Ten years of the Indiana sentence had been suspended.)   The court

ordered restitution to CVS Pharmacy in the amount of $8,226, and the payment of extradition costs in the amount of $208.36. The court ordered the payment of court costs, in an amount subsequently to be determined by the Montgomery County Clerk of Courts. Finally, the trial court disapproved of shock incarceration and intensive program prison, and notified Midlam that he was subject, on each count, to five years of post-release control.

{¶ 6}    From the judgment, Midlam appeals.

**II.  The Trial Court Erred When it Failed to Advise Midlam that If he Did Not Pay Court Costs, He Might Be Required to Perform Community Service**

{¶ 7}    Midlam's First Assignment of Error is as follows:

THE TRIAL COURT PREJUDICIALLY ERRED BY FAILING TO NOTIFY APPELLANT THAT HE COULD BE ORDERED TO PERFORM COMMUNITY SERVICE IF HE DID NOT PAY THE ORDERED COURT COSTS.

{¶ 8}    Midlam asks that we modify the judgment of the trial court to provide that he cannot be required to perform community service if he fails to pay court costs. In the alternative, he asks that this cause be remanded for a proper order of court costs, to include the advice that he might be required to perform community service if he fails to pay the costs. The State concedes error in this regard, and asks that we remand this cause for a proper order of court costs.

{¶ 9}    On occasions where the trial court has failed to advise a defendant of the community service possibility, and the State has agreed to the remedy of simply excluding that possibility, we have modified a judgment to exclude the possibility of community service being

required when ordered court costs are not paid.    But where, as here, the State has requested a remand for a proper order of court costs with the advice of the possibility of community service, we have provided that remedy.    *See State v. Parson*, 2d    Dist. Montgomery No. 25123, 2013-Ohio-1069, ¶ 16, fn. 2.

**{¶ 10}**    Midlam's First Assignment of Error is sustained.    The order to pay court costs is Reversed, and this cause is Remanded for a proper court costs order.

### III.    The Sentence in this Case Is Neither

### Disproportionate, Excessive, nor Unreasonable

**{¶ 11}**    Midlam's Second Assignment of Error is as follows:

THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING UPON APPELLANT A DISPROPORTIONATE, EXCESSIVE, AND UNREASONABLE SENTENCE.

**{¶ 12}**    Until this court decided *State v. Rodeffer*, 2d Dist. Montgomery Nos. 25574, 25575, and 25576, 2013-Ohio-5759, we employed an abuse-of-discretion standard in reviewing a sentence that is not contrary to law.    In *Rodeffer*, we employed as the test whether we clearly and convincingly find an absence of evidence on the record to support the sentence.    *Id*. ¶ 33.

**{¶ 13}**    As evidenced by his dissenting opinion in *Rodeffer*, one member of the panel deciding the case before us is of the view that abuse-of-discretion is the proper standard of appellate review of a sentence that is not based upon R.C. 2953.08.    We find it unnecessary, in this case, to determine which standard of appellate review is appropriate, because we conclude that Midlam's sentence is not reversible under either standard.

{¶ 14}   The trial court imposed the maximum sentence – ten years – on each of the three counts, but it not only ordered those sentences to run concurrently with one another, which it was obligated to do absent making the findings set forth in R.C. 2929.14(C)(4), it also ordered those sentences to run concurrently with a prison sentence Midlam is currently serving in Indiana, thereby lessening the impact of the maximum sentence.

{¶ 15}   In setting forth its reasons for not making the necessary findings to overcome the presumption of a prison sentence, the trial court indicated its consideration of both the serious nature of Midlam's offenses, and his likelihood of re-offending:

So, first the Court begins with the nature of these offenses, three aggravated robberies committed between January and May 2010. Two CVS pharmacy robberies in Kettering, one at Walgreen's in Huber Heights, all involve the theft of Oxycontin to which you were addicted. You represent to the victims in all three cases that you have a gun. You indicated in your statement to the Court that it was not a real gun, it was a plastic gun. The prosecutor didn't add a firearm specification so I assume and take for granted that you didn't have a real gun. But the victims in this case thought you had a real gun and in at least one of the robberies you threatened to shoot one of the victims. And here I refer to Page 1 of the pre-sentence report.

And this is the Walgreen's robbery. Here's what the report says. On may 20, 2010, 11:17 a.m., Officer Robby Graham, Huber Heights Police Department dispatched to Walgreen's located at 5000 Brandt Pike Huber Heights advised the suspect later identified as Cole Midlam robbed the pharmacy of drugs at gunpoint.

Pharmacist, Ericka Baxter, stated a short white male approached the pharmacy area and told her, give me all your Oxycontin and Opana ER 10. Miss Baxter stated that she then went to the pharmacy area and obtained an unknown amount of Oxycontin at which point Mr. Midlam stated, get all the Opana. If I have to say it again, I'm going to shoot you. Miss Baxter placed the Opana inside a bag and at that time Mr. Midlam stated, I'm really sorry about this.

From the viewpoint of all three victims, they believed he had a real gun. They're terrified. It's a serious offense and it's not a case of a single isolated robbery. These are three aggravated robberies and you have admitted during this same time period committing, I believe, two other robberies, one in Greene County and one in Highland County.

And I know Mr. Grove indicated to the Court this morning I think your pending sentencing in the Greene County case, I think, in three weeks so a robbery spree, at least five aggravated robberies.

And the Court considers your record from 1998 to the present; eight juvenile offenses including a domestic violence, three thefts, one burglary as a juvenile; as an adult, five adult misdemeanors and the most recent misdemeanor, you were on probation out of Pennsylvania on a charge of, I believe, forgery out of Cecil Township, Washington County Pennsylvania, so you're on probation when you committed these offenses.

And you have a prior felony for safe cracking in the year 2000 for which you were placed on probation so the Court cannot overcome the presumption [for a prison sentence].

**{¶ 16}** After this, the trial court imposed the concurrent ten-year sentences.

**{¶ 17}** In his brief, Midlam acknowledges that: "A trial court has full discretion to impose any sentence within the statutory range, and the court is not required to make any findings or give its reasons for imposing

maximum or more than minimum sentences." Midlam argues that the trial court, after having given careful consideration to whether to impose a prison sentence at all, appeared to give no consideration to the question of what prison sentence to impose. We disagree.

{¶ 18} The trial court considered both the seriousness of Midlam's offenses, and his inability, after previous juvenile and adult convictions, including both Safe Cracking and Forgery, to conduct himself within the limits imposed by criminal law. In our view, the fact that the trial court did not re-cover this same ground before pronouncing sentence does not indicate that it failed to consider the purposes and principles of sentencing.

{¶ 19} Furthermore, we do not find unreasonable the concurrent ten-year sentences imposed by the trial court for the three Aggravated Robberies included within his five-Aggravated-Robbery crime spree. Midlam did place his victims in deadly fear. He has a significant record of criminal offenses, and these offenses were committed while he was on probation for the Pennsylvania Forgery offense.

{¶ 20} Because we find that the sentence the trial court imposed is not unreasonable, we perforce find that it is not clearly and convincingly unsupported by the record – if it were clearly and convincingly unsupported by the record, the sentence would be unreasonable. Thus, under either standard of review, we conclude that the trial court did not err in its imposition of sentence. Midlam's Second Assignment of Error is overruled.

## IV. Conclusion

{¶ 21} Midlam's First Assignment of Error having been sustained, and his Second Assignment of Error having been overruled, the trial court's order to pay court costs is Reversed; the judgment of the trial court is Affirmed in all other respects; and this cause is Remanded for

reconsideration of court costs, including any motion Midlam may make for a waiver of costs.

. . . . . . . . . . . . .

FROELICH, P.J., and HALL, J., concur.

Copies mailed to:

Mathias H. Heck
April F. Campbell
Jeffrey T. Gramza
Hon. Dennis J. Langer