[Cite as *State v. Gearheart*, 2015-Ohio-5297.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 26669 |
| | : | |
| v. | : | Trial Court Case Nos. 2014-CR- |
| | : | 4104/1 |
| THOMAS J. GEARHEART | : | 2014-CR-4187/2 |
| | : | |
| *Defendant-Appellant* | : | (Criminal Appeal from |
| | : | Common Pleas Court) |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of December, 2015.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CHRISTINA E. MAHY, Atty. Reg. No. 0092671, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

MICHAEL HALLOCK, JR., Atty. Reg. No. 0084630, P.O. Box 292017, Dayton, Ohio 45429
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Thomas J. Gearheart, appeals from the sentence he received in the Montgomery County Court of Common Pleas after he pled guilty to one count of trespass in a habitation and two counts of burglary. Specifically, Gearheart contends the trial court erred in failing to award him any jail-time credit. For the reasons outlined below, the judgment of the trial court will be affirmed.

{¶ 2} On January 20, 2015, Gearheart was indicted for one count of trespass in a habitation in violation of R.C. 2911.12(B) in Montgomery County Case No. 2014-CR-04104. Three days later, on January 23, 2015, Gearheart was also indicted for two counts of burglary in violation of R.C. 2911.12(A)(3) in Montgomery County Case No. 2014-CR-04187. The trial court issued an arrest warrant on each of the two indictments. However, at the time Gearheart was indicted on these charges, he was already confined at the Miami County Jail due to a prior burglary charge in the Miami County Court of Common Pleas and for violating his probation in an unrelated case from the Miami County Municipal Court. As a result of the probation violation, Gearheart's probation was revoked and he was sentenced to 180 days in jail with an expected release date of May 14, 2015.

{¶ 3} Given that Gearheart was already in confinement, on February 6, 2015, the trial court in Montgomery County ordered a detainer to be placed against him. Thereafter, on February 18, 2015, Gearheart pled guilty to all three indicted charges in Montgomery County. However, because Gearheart had yet to be sentenced for the burglary charge in Miami County, the trial court agreed to wait until he was sentenced in

that case before sentencing him for his Montgomery County charges. The trial court also guaranteed that in sentencing Gearheart, it would impose a prison term equal to or less than the prison term imposed by the trial court in Miami County. The trial court further guaranteed that the prison term would be ordered to run concurrently to the sentence he received in Miami County.

{¶ 4} On March 9, 2015, the Miami County trial court sentenced Gearheart to a 12-month prison term. Thereafter, on March 16, 2015, the Montgomery County trial court withdrew its detainer. Approximately a month later, on April 8, 2015, Gearheart appeared for his Montgomery County sentencing. In line with its guarantee, the trial court imposed a 12-month prison term for the trespass charge and each of the two burglary charges and ordered those prison terms to run concurrently to each other and concurrently to the 12-month sentence imposed for the burglary in Miami County. The trial court, however, awarded no jail-time credit. In so holding, the trial court reasoned that since Gearheart had been confined by Miami County pending his conviction in Montgomery County, he could not get "double credit" for the time he had spent in the Miami County Jail. Gearheart's trial counsel objected to the court's jail-time credit calculation at the sentencing hearing.

{¶ 5} Gearhart now appeals from his sentence, raising the following single assignment of error for review:

THE TRIAL COURT ERRED BY ERRONEOUSLY FAILING TO AWARD

GEARHEART HIS APPROPRIATE JAIL[-]TIME CREDIT.

{¶ 6} Under his single assignment of error, Gearheart contends he was entitled to receive jail-time credit from January 20, 2015, the date he was initially indicted in

Montgomery County, until April 8, 2015, the date of his sentencing in Montgomery County. We disagree.

{¶ 7} "Where, for whatever reason, a defendant remains in jail prior to his trial, he must be given credit on the sentence ultimately imposed for all periods of actual confinement on that charge." *State v. Angi*, 2d Dist. Greene No. 2011 CA 72, 2012-Ohio-3840, ¶ 7, citing *State v. Coyle*, 2d Dist. Montgomery No. 23450, 2010-Ohio-2130, ¶ 5 and *White v. Gilligan*, 351 F.Supp. 1012, 1014 (S.D.Ohio 1972). (Other citation omitted.) This practice of awarding jail-time credit enforces the right to equal protection provided by the Fourteenth Amendment of the United States Constitution and Article I, Section 2 of the Ohio Constitution. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 7. *Accord Angi* at ¶ 7. " 'The Equal Protection Clause requires that *all* time spent in any jail prior to trial and commitment by [a prisoner who is] unable to make bail because of indigency *must* be credited to his sentence.' " (Emphasis sic.) *Fugate* at ¶ 7, quoting *Workman v. Cardwell*, 338 F.Supp. 893, 901 (N.D.Ohio 1972), vacated in part on other grounds, 471 F.2d 909 (6th Cir.1972).

{¶ 8} The foregoing principle is codified in R.C. 2967.191, which provides, in pertinent part:

> The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting

transportation to the place where the prisoner is to serve the prisoner's prison term * * *.

**{¶ 9}** " 'Although the [department of rehabilitation and correction] has a mandatory duty pursuant to R.C. 2967.191 to credit an inmate with jail time already served, it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence.' " *Coyle* at ¶ 7, quoting *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7.

**{¶ 10}** In *Fugate*, 117 Ohio St. 3d 261, 2008-Ohio-856, 883 N.E.2d 440, the Supreme Court of Ohio held:

[W]hen concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit. R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held. If courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be, as in this case, to deny credit for time that an offender was confined while being held on pending charges. So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit.

*Id.* at ¶ 12.

**{¶ 11}** In contrast, this court has consistently held that a defendant is not entitled

to jail-time credit for "time that the prisoner was incarcerated by reason of a sentence previously imposed for a different offense, even if that prior sentence is one with which the present sentence is ordered to be served concurrently." (Citation omitted.) *State v. Ways*, 2d Dist. Montgomery No. 25214, 2013-Ohio-293, ¶ 20; *State v. Maloy*, 2d Dist. Montgomery No. 26278, 2015-Ohio-2178, ¶ 8; *State v. Spears*, 2d Dist. Montgomery No. 25645, 2014-Ohio-146, ¶ 2 ("[j]ail time credit is not permitted under R.C. 2967.191 where the defendant was serving time for a separate offense"); *State v. Dewey*, 2d Dist. Montgomery No. 25515, 2013-Ohio-2118, ¶ 13 ("[w]e have consistently held that jail[-]time credit is not appropriate where the defendant was serving a sentence for a separate offense").

{¶ 12} Based on the foregoing, we find that Gearheart is not entitled to jail-time credit between January 20, 2015, and April 8, 2015. It is clear from the record, specifically the presentence investigation report, that during the period of time in question, Gearheart was serving his sentence in the Miami County Municipal Court for the probation violation. Also, as of March 9, 2015, Gearheart began serving his 12-month sentence for the burglary conviction in Miami County. As previously discussed, jail-time credit does not accrue when a defendant is serving a sentence for a separate offense. Because Gearheart was serving sentences for separate offenses between January 20, 2015 and April 8, 2015, he is not entitled to receive any jail-time credit for that period of confinement. Accordingly, Gearheart's sole assignment of error is overruled and the judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.




Copies mailed to:

Mathias H. Heck, Jr.
Christina E. Mahy
Michael Hallock, Jr.
Hon. Michael Tucker