[Cite as *State v. Heys*, 2020-Ohio-692.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28374 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-78 |
| | : | |
| ALAN L. HEYS, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of February, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellant

MICHAEL R. PENTECOST, Atty. Reg. No. 0036803, 117 South Main Street, Suite 400, Dayton, Ohio 45422
      Attorney for Defendant-Appellee

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1}   On June 20, 2019, this Court granted the State's motion for leave to appeal the trial court's decision awarding 183 days of jail-time credit to Alan L. Heys, Jr.   For the following reasons, the jail-time credit award is modified to reflect jail time credit of 17 days.

{¶ 2} Heys was indicted on February 22, 2019, as follows: Count 1, breaking and entering; Counts 2 and 3, receiving stolen property; and Count 4, resisting arrest. Counts 1-3 are felonies of the fifth degree, and Count 4 is a misdemeanor of the second degree.

{¶ 3} On March 13, 2019, the trial court issued a warrant for Heys's removal from the Corrections Reception Center for arraignment on March 21, 2019.   Heys pled not guilty at his arraignment, and the trial court set his bond at $2,500.00.   On March 22, 2019, a detainer entry and order was filed and bond was continued.

{¶ 4}   On April 3, 2019, Heys pled guilty to Count 1 and the remaining counts were dismissed.   The trial court's judgment entry of conviction states that Heys and the State waived a presentence investigation.   The court sentenced Heys to six months in prison, to be served concurrently with "Logan County Case No. 17050160" and with jail time credit of 183 days.   On the same day, the State filed a notice of objection to the inclusion of the time served in Logan County in the jail time credit calculation.   The State's notice provided that it objected "to the jail time credit placed on the record at the Defendant's sentencing in open court on April 3, 2019."   It further stated:

> Pursuant to *State v. Gearheart*, 2d Dist. 2015-Ohio-5297, the Defendant should not receive 183 days of jail time credit toward his sentence in this case.   The Defendant is serving a prison term for an unrelated offense from a different county.   Even if given a concurrent prison

term in this case, which the State has no objection to, the Defendant should not receive jail time credit for the time for which he has been serving his Logan County sentence.

The Defendant was initially arrested for *this offense* on January 4, 2019. He remained incarcerated on this offense until January 6, 2019[,] when he was released pursuant to the local 48 hour rule. He was subsequently incarcerated on Logan County's revocation and then sentenced to his current prison term.

Based on the precedent of *Gearheart*, the Defendant should therefore be given 3 days of jail time credit.

{¶ 5} On April 7, 2019, Heys filed a memorandum in support of the trial court's jail time credit calculation. Heys asserted that the State's reliance upon *Gearheart* was misplaced and that the jail-time credit calculation of 183 days was correct. Heys asserted that jail-time credit was calculated in accordance with *State v. Cole*, 2d Dist. Montgomery No. 23327, 2009-Ohio-4580, which construed *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440. Heys further asserted:

In its objection to the jail-time credit calculation here, the State cites *Gearheart* and indicates that Defendant "should not receive jail time credit for the time for which he has been serving his Logan County sentence." He has not. The 183 days to which Defendant was given jail-time credit represents the pre-sentencing jail-time credit received in his Logan County case. Pursuant to *Fugate* and *Cole*, this credit must be applied to "each case of incarceration made concurrent", i.e., to both the Logan County case

and current Montgomery County case. Under *Cole*, the three days credit the State claims is due in the present Montgomery County case is subsumed into the 183 days credit from the Logan County case. This 183 days is then applied to each of the concurrent sentences. To hold otherwise would deny Defendant credit to which he is entitled for the longer term and constitute a violation of the Equal Protection Clause. *Fugate, supra.*

Accordingly, Defendant submits that the State's Objection to Jail-Time Credit Calculation must be overruled and that the Termination Entry herein must reflect a jail-time credit of 183 days as announced by the Court on April 3, 2019.

{¶ 6} On April 10, 2019, the court issued an Order Granting Jail-Time Credit. The court determined as follows:

* * * Both the State and Defendant appear to agree that "[s]o long as two or more sentences are imposed concurrently, the jail-time credit applicable to each sentence applies to all sentences imposed." [Citing *Cole* at ¶ 13.] Likewise, they appear to agree that jail-time credit does not include time served under a "* * * sentence previously imposed for a different offense, even if that prior sentence is one with which the present sentence is ordered to be served concurrently." [Citing *Gearheart* at ¶ 20.] However, they disagree as to whether the 183 days of jail-time credit calculated in this case includes time served under a sentence previously imposed in Logan County Case No. 17 05 0160.

A review of the online docket in the Logan County case confirms that on February 22, 2019, Defendant was sentenced to a twelve-month prison term, with 183 days of jail-time credit. Because the six-month term to which Defendant will be sentenced in this case will be served concurrently to the twelve-month term in the Logan County case, the 183 days of jail-time credit applicable to the twelve-month term must be applied to this term. Accordingly, the Court **GRANTS** Defendant 183 days of jail-time credit.

(Footnotes omitted.)

**{¶ 7}** In its brief on appeal, the State sets forth the following facts:

On December 20, 2017, Alan Heys was sentenced to community control sanctions in Logan County Common Pleas Court Case Number CR 17-05-169, following his plea to one count of theft. However, after he failed to report to his probation officer and his whereabouts became unknown, a capias was issued for Heys's arrest on November 9, 2018.

Heys's whereabouts were later discovered on January 4, 2019, when he was arrested by Butler Township Police for breaking and entering and was booked into the Montgomery County Jail. He was released by Butler Township Police on January 6, 2019, but remained in custody as a result of his outstanding capias from Logan County. * * * The Logan County judge revoked Heys's community control and, on February 22, 2019, sentenced him to twelve months in prison. * * * Heys was awarded 183 days of jail-time credit against his Logan County sentence.

On the same day he was sentenced to prison in Logan County, Heys

was indicted by the Montgomery County Grand Jury on one count of breaking and entering, two counts of theft of checks, and one count of resisting arrest, all relating to the Butler Township incident. * * * A warrant on indictment was served on Heys at the Correctional Reception Center (where he was sent following his Logan County sentencing), and he was subsequently conveyed back to Montgomery County. * * *

{¶ 8}  The State asserts that, despite "spending only three days in jail as a result of his Montgomery County case prior to being sentenced to prison in Logan County, the trial court elected to award Heys 183 days of jail-time credit – the same number of days of jail-time credit that he was awarded in his Logan County case."

{¶ 9} The State asserts the following assignment of error:

THE TRIAL COURT ERRED IN AWARDING ALAN HEYS JAIL-TIME CREDIT FOR TIME HE SPENT IN THE LOGAN COUNTY JAIL ON AN UNRELATED CASE.

{¶ 10} The State asserts as follows:

* * * Cole misapplied Fugate and was wrongly decided.  For that reason and in view of the foregoing law and argument, the State of Ohio respectfully requests that this Court reconsider its holding in Cole, apply the more appropriate application of Fugate that was articulated by the Sixth District in [State v. Wyburn, 6th Dist. Lucas No. L-10-1292, 2011-Ohio-5307], and reverse the trial court's jail-time credit calculation.

{¶ 11} Heys responds that the State has "abandoned its reliance on Gearheart and now argues on appeal that Cole was wrongly decided and should be reconsidered by this

Court." Heys asserts that *Cole* was properly decided and properly applied in this matter, and that to hold otherwise could violate the principles of stare decisis. Heys again asserts that the 3 days credit which the State claims is due to Heys is properly subsumed into the 183 days credit from the Logan County case, and 183 days is then applied to each of the concurrent sentences. Heys argues that "a majority of this Court" has upheld and applied *Cole* on multiple occasions. According to Heys, the State has failed to demonstrate the "special justification" that is required to depart from the enduring principles of stare decisis and overturn this Court's long-held precedent.

{¶ 12} We are persuaded by the rationale in *State v. Ways*, 2d Dist. Montgomery No. 25214, 2013-Ohio-293. Therein, Christopher Ways was sentenced on February 15, 2012, following a guilty plea, to 12 months in prison for trafficking in heroin in the vicinity of a school or a juvenile, in violation of R.C. 2925.03(A)(1). *Id.* at ¶ 2. Ways received jail-time credit of three days against his sentence. *Id.* at ¶ 3. On March 21, 2012, Ways was sentenced to 18 months each for having weapons while under disability and for carrying a concealed weapon, to be served concurrently. The sentence was also ordered to be served concurrently with the 12-month sentence Ways was already serving for trafficking. *Id.* The trial court "allowed Ways a jail-time credit of three days against the concurrent 18-month sentences." *Id.* at ¶ 6. Ways sought additional jail time credit, arguing that he "should receive credit for the 36 days he was incarcerated on the twelve-month sentence * * * before the eighteen-month sentences were imposed." *Id.* at ¶ 7. Ways relied upon *Fugate* and *Cole*. The trial court denied the request after a hearing, and Ways appealed. *Id.* at ¶ 7-8.

{¶ 13} In *Ways,* this Court quoted the following from *Bobo v. Dept. of Rehab. and*

*Corr.*, 10th Dist. Franklin No. 11AP-118, 2011-Ohio-4984, ¶ 13, on the "nature of concurrent sentences."

"[T]he imposition of a concurrent sentence normally means that the sentence being imposed is to run concurrently with the *undischarged* portion of the previously imposed sentence." (Emphasis sic.) *State ex rel. Gray v. Karnes*, 10th Dist. No. 10AP-789, 2010-Ohio-5364, ¶ 5, quoting *State v. Bellamy*,181 Ohio App.3d 210, 2009-Ohio-888, quoting *Bianco v. Minor*, (June 6, 2003), M.D.Pa. No. Civ.A 303CV0913. The definition of a concurrent sentence is to be contrasted with the definition of a consecutive sentence, where the second sentence cannot begin to be served until the first sentence has been completed. *Bellamy*, citing *Richards v. Eberlin*, 7th Dist. No. 04BE-1, 2004-Ohio-2636. Accordingly, "[t]he fact that sentences run concurrently merely means that the prisoner is given the privilege of serving each day a portion of each sentence. However, if the sentences which are to run concurrently are different lengths, the prisoner cannot be discharged until he has served the longest sentence." *Brinklow v. Riveland* (Colo., 1989), 773 P.2d 517.

*Ways* at ¶ 9.

{¶ 14} This Court determined as follows in *Ways*:

* * * Where a sentence is imposed *consecutively* to a sentence that has already been imposed, and which the defendant has already begun serving, the defendant must complete the first sentence before he can begin serving day one of the second sentence. By contrast, where a sentence is

imposed *concurrently* with a sentence that has already been imposed, and which the defendant has already begun serving, the defendant is given the comparative luxury of serving each day of his second sentence, beginning with the first day, concurrently with a day served on the first sentence. * * *

As in *Bobo*, the result may be that the first sentence expires before the second sentence expires, even though the first sentence is a longer sentence.

*Id.* at ¶ 10-11.

{¶ 15} This Court distinguished *Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440*,* and *Cole,* 2d Dist. Montgomery No. 23327, 2009-Ohio-4580, as follows:

In *State v. Fugate*, two concurrent sentences were imposed at the same time. One sentence, a twelve-month sentence for Receiving Stolen Property, was imposed as the result of a community control revocation. The other sentence, a two-year sentence for Burglary, was imposed as the result of a conviction following a jury trial. The trial court allowed a 213-day jail-time credit against the twelve-month sentence, but did not allow any jail-time credit against the two-year sentence for Burglary. The Supreme Court of Ohio held:

* * * [A]lthough concurrent and consecutive terms are
to be treated differently when jail-time credit is applied, the
overall objective is the same: to comply with the requirements
of equal protection by reducing the total time that offenders
spend in prison after sentencing by an amount equal to the

time that they were previously held.

Thus, in order to satisfy this objective, when concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit. R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held. If courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be, as in this case, to deny credit for time that an offender was confined while being held on pending charges. *So long as an offender is held on a charge while awaiting trial or sentencing*, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit.

[*Fugate*] at ¶ 11-12 (emphasis added).

An affluent defendant, in the same situation as the defendant in *Fugate*, would have been incarcerated for exactly two years – the two-year prison term for Burglary. While serving that prison term, he would have served the twelve-month sentence for Receiving Stolen Property, which would begin on the same day, and would have ended after the first year of his two-year sentence for Burglary.

The defendant in *Fugate*, having been unable to post bond, would,

as originally sentenced, have been incarcerated for 213 days longer than his identical affluent counterpart, because he would also serve the two-year prison term for Burglary, but would have been incarcerated for 213 days before he began serving either prison term.   The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution requires that the indigent defendant be treated no more severely than his affluent counterpart.

In *State v. Cole,* * * * the situation was similar.   The defendant in that case had been in pre-trial custody for some time on a charge of Receiving Stolen Property.   After he was convicted, he was placed on community control.   While on community control, the defendant in *Cole* was charged with two counts of Felonious Assault, and [he] was incarcerated pending trial.   On the same day, the defendant in that case pled guilty to the reduced charge of Attempted Felonious Assault, and admitted having violated the terms of his community control sanction imposed in the other case.   At a later date, the defendant in that case was sentenced in both cases at the same time.   He was sentenced to one year in each case, to be served concurrently.   The trial court allowed a jail-time credit of 143 days against the one-year sentence for Receiving Stolen Property, apparently representing the total number of days he had been incarcerated on that charge before having been sentenced to community control sanctions, plus the number of days he had been incarcerated after having been arrested for Felonious Assault.   The trial court only allowed a jail-time

credit of 83 against the one-year sentence for Attempted Felonious Assault, representing the time he had been incarcerated on that charge before the imposition of sentence in both cases.

Relying upon *State v. Fugate,* * * * we reversed, holding that [Cole] was entitled to the full 143 days of jail-time credit against both sentences. Again, the reason for this somewhat counter-intuitive result lies in the disparate treatment that would otherwise be visited upon an indigent defendant and his otherwise identical affluent counterpart. * * * This would violate Equal Protection.

The distinction between the *Fugate* and *Cole* cases and the case before us is that in those two cases, unlike the case before us, the concurrent sentences began on the same date.

(Footnote omitted.) *Ways* at ¶ 13-18.

{¶ 16} R.C. 2967.191(A) provides:

The department of rehabilitation and correction shall reduce the prison term of a prisoner, as described in division (B) of this section, by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i)1 of section 2929.19 of the Revised Code, and

confinement in a juvenile facility. The department of rehabilitation and correction also shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days, if any, that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

**{¶ 17}** Significantly, "[t]his does not include time that the prisoner was incarcerated by reason of a sentence previously imposed for a different offense, even if that prior sentence is one with which the present sentence is ordered to be served concurrently." *Ways* at ¶ 20, citing *Bobo*, 10th Dist. Franklin No. 11AP-118, 2011-Ohio-4984. This Court concluded as follows:

> Disallowing, for purposes of jail-time credit, periods of time that a prisoner has been incarcerated by reason of a sentence previously imposed and begun does not violate Equal Protection. In the case before us, Ways's affluent counterpart would be treated no more leniently. He would begin serving the first day of his eighteen-month sentences for the weapons offenses on March 21, 2012, concurrently with the 37th day of his sentences for Trafficking in Heroin, and would complete that sentence eighteen months later, on September 20, 2013. He would not get credit against his eighteen-month sentences for the time he had previously served on his twelve-month sentence for Trafficking in Heroin, and neither should Ways. Ways did apparently spend three days in jail on the Trafficking charge

before he made bond, unlike his affluent counterpart, but he was allowed credit for those three days against both the twelve-month sentence and the eighteen month sentences, so that he will presumably be released on September 17, 2013, having been incarcerated for three days before any of his concurrent sentences began.

The *Fugate* and *Cole* cases, upon which Ways relies, are inapposite. Because in both of those cases, the concurrent sentences began on the same day, there was no part of one concurrent sentence that had already been served before the second concurrent sentence was imposed. The issue of whether to apply a previously served part of a concurrent sentence as a jail-time credit against the subsequently imposed sentence did not arise in *Fugate* or *Cole.*

Ways is not entitled to a jail-time credit against his eighteen-month sentences for that part of the twelve-month sentence that had already been served when those sentences were imposed. * * *

*Ways* at ¶ 21-23.

{¶ 18} As emphasized by the Fifth District in *State v. Marini*, 5th Dist. Tuscarawas No. 09-CA-6, 2009-Ohio-4633, ¶ 23:

When different courts impose sentences at separate times, the sentences at best are only partly concurrent, and there is no requirement that courts arrange their cases in such a way as to maximize concurrency. *State v. Carter*, 2nd Dist. No. 1580, 2002-Ohio-6387. It is one thing to hold, such as the Supreme Court did in [*Fugate*] that jail time credit earned in two

cases must be applied to both cases when the sentences are imposed concurrently by the same court. It would be quite another to hold in the present case that confinement while serving non-concurrent jail time must be awarded as "jail time" to reduce a later-imposed felony sentence.

{¶ 19} This limitation on *Fugate* is consistent with a recent decision from the Eleventh District in *State v. Corpening*, 2019-Ohio-4833, 137 N.Ed.3d 116, ¶ 25-26 (11th Dist.), which determined as follows:

Thus, the reason for which a defendant is incarcerated is paramount in determining jail-time credit. This court has consistently held that "jail-time credit is appropriate only when the facts and circumstances giving rise to the incarceration are the result of the charge for which the offender is eventually sentenced." *State v. Struble*, 11th Dist. Lake No. 2005-L-115, 2006-Ohio-3417, 2006 WL 1816704, ¶ 11. *See also State v. Smith*, 11th Dist. Geauga No. 2014-G-3185, 2014-Ohio-5076, 2014 WL 6139627, ¶ 16; *State v. Moore*, 11th Dist. Ashtabula, 2016-Ohio-3510, 67 N.E.3d 68, ¶ 18. Here, Ms. Corpening's cases are unrelated: the earlier pertains to a probation violation from the underlying identity fraud conviction; the latter is a drug-related conviction. Furthermore, the two cases were heard by different judges, and decided separately. Thus, time for which she was held exclusively on 2014-CR-00473 grounds is not credited against her 2018-CR-00058 sentence and vice versa.

Moreover, *Fugate* is distinguishable from the facts before us. In *Fugate*, the defendant was held in custody on three different charges

simultaneously and was "therefore entitled to jail-time credit against each concurrent prison term." *Id.*, at ¶ 18. *Fugate* applies jail-time credit toward all concurrent prison terms imposed for charges *on which an offender was held * * *.*" (Emphasis added.) *Id.*, at ¶ 21. In other words, the only time that may be counted as jail-time credit toward a sentence is time held on grounds related to that same sentence. Unrelated jail time may not be counted towards unrelated sentences. The Supreme Court of Ohio has recently reiterated this, stating, "an offender is only entitled to credit for time spent incarcerated on the offense for which he was convicted." *State v. Cupp*, 156 Ohio St.3d 207, 2018-Ohio-5211, 124 N.E.3d 811, ¶ 21.

{¶ 20} Based upon the foregoing, we conclude that the trial court erred in its calculation of jail-time credit. As noted above, Heys's February 22, 2019 Logan County disposition preceded his disposition in Montgomery County. The parties do not dispute that he was held for three days in Montgomery County following his arrest by Butler Township law enforcement. Bond was set on March 21, 2019, and the trial court sentenced Heys on April 3, 2019, to six months. On that date, Heys commenced that sentence concurrent with the forty-first day of his Logan County sentence. We conclude that the trial court erred in crediting Heys with jail time from his Logan County sentence toward his unrelated Montgomery County sentence. We also note that there was already a warrant out for Heys on his Logan County case for non-reporting, which would ostensibly generate a revocation. We conclude that Heys was entitled to three days of jail time credit following his arrest in Montgomery County, plus the 14 days he was further

held on the Montgomery County case until sentencing, for a total of 17 days.

{¶ 21} The State's assignment of error is sustained.

{¶ 22} Pursuant to R.C. 2953.08, we modify the judgment of the trial court incorrectly awarding Heys 183 days of jail time credit to reflect a jail time credit award of 17 days.


. . . . . . . . . . . .


FROELICH, J., concurs.

TUCKER, P.J., concurs:

{¶ 23} I agree with the result reached by the majority opinion.  I write separately to express my conclusion, consistent with Judge Hall's reasoning in his concurring opinion in *State v. Ways* and Judge Welbaum's dissenting opinion in *State v. Shaw*, 2d Dist. Greene Nos. 2017-CA-35, 2017-CA-36, 2018-Ohio-3816, that *State v. Cole* was incorrectly decided.


Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Michael R. Pentecost
Hon. Steven K. Dankof