[Cite as *State v. Midlam*, 2021-Ohio-1608.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO

    Plaintiff-Appellee

v.

COLE MIDLAM

    Defendant-Appellant

:
:
:
:
:
:
:
:
:
:
:
:
:

Appellate Case No. 28960

Trial Court Case No. 2010-CR-1691

(Criminal Appeal from
Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of May, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by JAMIE J. RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

COLE MIDLAM, #A706-027, P.O. Box 69, London, Ohio 43140
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Cole Midlam appeals from a judgment of the Montgomery County Court of Common Pleas, which denied his post-sentence motion for jail-time credit. For the following reasons, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 2} Between January and May 2010, Midlam committed aggravated robberies at five Ohio pharmacies: three in Montgomery County (January 22, May 20, May 25), one in Greene County (May 2), and one in Highland County (May 16).

{¶ 3} On May 28, 2010, Greendale police officers in Dearborn County, Indiana, received a dispatch to be on the lookout for a vehicle that had been involved in several armed robberies of pharmacies in Montgomery County, Ohio. The dispatch further indicated that there was an arrest warrant for Midlam related to those robberies. The Greendale police officers observed and approached Midlam at a gas station. Officers located numerous pills, money, syringes, and other drug paraphernalia on Midlam's person and in his vehicle, and he was arrested on drug possession charges.

{¶ 4} Midlam remained in custody throughout the pendency of his cases in Ohio and Indiana.

{¶ 5} On June 11, 2010, while he was being held in Indiana, Midlam was indicted in Greene County on one count of aggravated robbery, a felony of the first degree, with a firearm specification. *State v. Midlam*, Greene C.P. No. 2010-CR-305. On June 28, 2010, Midlam was admitted into the Dearborn County Jail Chemical Addictions Program (JCAP).

{¶ 6} On July 6, 2010, Midlam was indicted in Montgomery County on three counts

of aggravated robbery, felonies of the first degree. The trial court in this case subsequently set a $100,000 bond. Midlam remained incarcerated in Indiana.

{¶ 7} Midlam states, and the Dearborn County online docket confirms, that he was sentenced in his Dearborn County case on March 1, 2011. *See Indiana v. Midlam*, Dearborn Case No. 15C01-1006-FB-000009.

{¶ 8} On July 8, 2011, approximately a year after his indictment, Midlam was transported from Indiana to the Montgomery County Jail, and he was served with the Montgomery County indictment. A month later, Midlam pled guilty to the charges. At his sentencing on August 25, 2011, the trial court imposed ten years in prison on each count of aggravated robbery, to be served concurrently to each other and to Midlam's sentence in Dearborn County. The court also ordered Midlam to pay restitution to CVS Pharmacy, extradition costs, and court costs.

{¶ 9} The court filed its judgment entry on August 30, 2011. With respect to jail-time credit, the entry stated: "The number of days for which the defendant should receive jail time credit is indicated in the entry and warrant to transport filed in this case." The entry and warrant to transport, filed on August 25 (the day of the sentencing hearing), indicated that Midlam had been held in custody prior to sentencing for 50 days.

{¶ 10} On December 6, 2011, Midlam pled guilty to aggravated robbery in Greene County and was sentenced to a mandatory nine-year sentence, to be served concurrently with his Montgomery County and Dearborn County sentences. The Greene County court found that Midlam was entitled to 93 days of jail-time credit in that case.

{¶ 11} On February 3, 2012, Midlam was convicted of aggravated robbery in Highland County and received a five-year sentence, to be served consecutively to his

sentences in his other cases. *State v. Midlam*, Highland C.P. No. 2010 CR 0131. The Montgomery County Sheriff's Office returned Midlam to Indiana to complete his Indiana sentence following his conviction in Highland County.

{¶ 12} Midlam did not timely appeal his Montgomery County conviction, but in April 2013, he sought leave to file a delayed appeal, which we allowed. Midlam challenged the length of his prison sentence and the court's imposition of court costs. On review, we reversed the trial court's order to pay court costs, but otherwise affirmed Midlam's conviction. *State v. Midlam*, 2d Dist. Montgomery No. 25731, 2014-Ohio-1109.

{¶ 13} On May 28, 2014, after he had completely served his Indiana sentence, Midlam was transported to prison in Ohio to complete his Ohio sentences.

{¶ 14} Approximately six years later, Midlam filed a motion for jail time credit in this case. He stated that he had received 1,056 days of jail time credit – presumably, 1,006 days (the date of his sentencing hearing until May 27, 2014) plus 50 additional days of jail-time credit previously granted. He argued, however, that he should have received 1,461 days, representing the period between his arrest on May 28, 2010 and May 27, 2014, when he was released on the Indiana charges. Midlam supported his motion with four attachments: (1) the probable cause affidavit for Midlam's arrest in Indiana, based on his possession of drugs; (2) correspondence to Midlam from the Ohio Bureau of Sentence Computation (BSC), stating Midlam's dates of incarceration in Indiana and the sentence in Highland County; (3) a printout from the Ohio Department of Rehabilitation and Correction (ODRC), showing Midlam's sentences in Montgomery, Greene, and Highland Counties, the jail-time credit he received, and his anticipated release date; and (4) correspondence from Dearborn County JCAP regarding Midlam's participation in the

program.

**{¶ 15}** On May 21, 2020, the trial court filed a Jail Time Credit Report, which concluded that Midlam was entitled to jail-time credit for May 27, 2010 to February 28, 2011, a total of 277 days, representing the date of Midlam's arrest until his sentencing in Dearborn County, Indiana. The report further concluded that Midlam was not entitled to jail-time credit from March 1, 2011 to August 25, 2011, because Midlam was serving his Indiana sentence. The report stated that Midlam had been sentenced in his Montgomery County case on August 25, 2011, and that jail-time credit had been calculated in accordance with *State v. Heys*, 2020-Ohio-692, 152 N.E.3d 539 (2d Dist.).

**{¶ 16}** On June 19, 2020, Midlam asked the trial court to reconsider its jail-time credit calculation. Midlam stated that the BSC did not increase his jail-time credit by the full 277 days indicated in the May 21, 2020 report. He surmised that BSC no longer gave him credit for his pretrial confinement in the Montgomery County Jail prior to his sentencing. Midlam indicated that he was told by BSC that the trial court's May 21, 2020 jail-time credit order superseded the prior order. Midlam asked for a modified jail-time credit order to include both the 277 days and the original grant of 50 days. (Midlam's motion incorrectly indicated that he originally received a total of 1,065 days, rather than 1,056 days, of jail-time credit, and he correspondingly listed his original jail-time credit as 59 days, rather than 50 days.)

**{¶ 17}** On June 24, 2020, the trial court denied Midlam's motion and "upheld" its May 21, 2020 decision granting 277 days of jail-time credit. On October 9, 2020, Midlam asked the trial court for jail-time credit for the 50 days between July 6 and August 24, 2011 or to reissue its June 24 judgment entry denying additional jail-time credit. On

October 21, 2020, the trial court again upheld its May 21, 2020 decision granting 277 days of jail-time credit.

{¶ 18} Midlam appeals from the trial court's judgment.

## II. Jail-Time Credit

{¶ 19} Midlam's sole assignment of error claims that the trial court erred in failing to grant jail-time credit for the period of time between July 6, 2011 and August 24, 2011.

### A. Mootness

{¶ 20} As an initial matter, it appears that Midlam has completely served his Montgomery County sentence. Accordingly, we must address whether this appeal is moot.

{¶ 21} "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect." *Cyran v. Cyran*, 152 Ohio St.3d 484, 2018-Ohio-24, 97 N.E.3d 487, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970); *State v. Smith*, 2d Dist. Montgomery No. 27981, 2019-Ohio-3592, ¶ 8. "Under the mootness doctrine, American courts will not decide cases in which there is no longer an actual legal controversy between the parties." *Id.*, citing *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 37.

{¶ 22} In general, once an offender completes his prison sentence, any alleged error regarding the calculation of jail-time credit becomes moot, because no actual controversy remains to be litigated and there is no available remedy to be granted. *E.g., State v. Pack*, 2d Dist. Montgomery No. 28460, 2020-Ohio-5211, ¶ 6, citing *State v. Eleyet*, 2018-Ohio-4879, 125 N.E.3d 380, ¶ 3 (2d Dist.); *State v. Robinson*, 2d Dist. Montgomery Nos. 26712, 26713, 2016-Ohio-3277, ¶ 4.

{¶ 23} According to the record before us, Midlam was admitted to prison in Ohio on May 28, 2014, and he ultimately was given 1,283 days of credit toward his ten-year sentence in this case. Even without the additional 50 days of jail-time credit that Midlam requests, he completed his sentence in this case in the fall of 2020.

{¶ 24} We recognize that Midlam remains incarcerated, and the ODRC website shows an expected release date of September 19, 2025. The record reflects that Midlam's release date for his nine-year mandatory sentence in Greene County was September 1, 2020, prior to the completion of his Montgomery County sentence. It appears that he is currently serving his Highland County sentence, which was run consecutively to his other sentences. Because additional jail-time credit in the Montgomery County case could affect the release date in Midlam's Highland County case, we will address the merits of Midlam's argument on appeal.

### B. Calculation of Jail-Time Credit

{¶ 25} Midlam argues that he is entitled to jail-time credit for the 50 days that he was held in pretrial confinement at the Montgomery County Jail. He focuses on *Heys*, 2020-Ohio-692, 152 N.E.3d 539, the case cited in the trial court's Jail Time Credit Report. The State responds that the trial court's calculation of 277 days of jail-time credit was correct, because Midlam was serving his Indiana sentence during his pretrial confinement at the Montgomery County Jail.

{¶ 26} Jail time credit is governed by R.C. 2967.191, which provides, in part:

The department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was

convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, [and] confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term * * *.

R.C. 2967.191(A). The statute implements the equal protection right to credit for prior incarceration. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440; *State v. Angi*, 2d Dist. Greene No. 2011-CA-72, 2012-Ohio-3840, ¶ 7, citing *State v. Coyle*, 2d Dist. Montgomery No. 23450, 2010-Ohio-2130, ¶ 5.

{¶ 27} "Although the [department of rehabilitation and correction] has a mandatory duty pursuant to R.C. 2967.191 to credit an inmate with jail time already served, it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence." *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7.

{¶ 28} It is well settled that a "defendant may accrue jail time credit in multiple cases at the same time, if he or she is held in pretrial confinement in multiple cases simultaneously." *See, e.g., State v. Pack*, 2d Dist. Montgomery No. 28458, 2020-Ohio-5033, ¶ 38; *State v. Breneman*, 2d Dist. Champaign No. 2015-CA-16, 2016-Ohio-597, ¶ 26. "Where a later-sentencing court makes its sentence concurrent with an earlier sentence, a defendant is entitled to jail-time credit in both cases for any time that he was held in pretrial confinement on both cases simultaneously." *State v. Steinmetz*, 2d Dist. Greene No. 2019-CA-40, 2020-Ohio-1145, ¶ 12.

{¶ 29} "However, the Ohio Supreme Court has made clear that a defendant is not entitled to jail-time credit while held on bond if, at the same time, the defendant is serving

a sentence on an unrelated case." *Pack* at ¶ 39, citing *State v. Cupp*, 156 Ohio St.3d 207, 2018-Ohio-5211, 124 N.E.3d 811, ¶ 24. We noted in *Pack* that, even prior to *Cupp*, we consistently held that jail time credit is not appropriate where the defendant was serving a sentence for a separate case. *Id.*, citing, *e.g., State v. Russell*, 2d Dist. Montgomery No. 26503, 2015-Ohio-3373; *State v. Spears*, 2d Dist. Montgomery No. 25645, 2014-Ohio-146, ¶ 2; *Angi*, 2d Dist. Greene No. 2011-CA-72, 2012-Ohio-3840; *State v. Rios*, 2d Dist. Clark No. 10-CA-59, 2011-Ohio-4720.

{¶ 30} In support of his request for additional jail-time credit, Midlam relies on *Heys*, 2020-Ohio-692, 152 N.E.3d 539. In that case, Heys was on community control sanctions in Logan County when he committed a new offense in Montgomery County. Heys was arrested on January 4, 2019, and released by Montgomery County law enforcement on January 6, 2019. However, he remained incarcerated on a warrant from Logan County. On February 22, 2019, Heys was indicted in Montgomery County on the new charges and, on the same date, Logan County sentenced Heys to prison for violating his community control and granted him 183 days of jail-time credit. On March 21, 2019, Heys was arraigned on his Montgomery County charges, and the court set a bond. Fourteen days later, on April 3, 2019, Heys pled guilty to the Montgomery County charges and was sentenced to prison, to be served concurrently with his Logan County sentence. The Montgomery County court also gave Heys 183 days of jail-time credit, which the State challenged on appeal.

{¶ 31} On review, we modified Heys's jail-time credit to 17 days, representing three days in January 2019 and the 14 days from Heys's arraignment to his conviction. The bulk of our analysis focused on whether Heys was entitled to jail-time credit for the entire

amount he received in Logan County, pursuant to *Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, and *State v. Cole*, 2d Dist. Montgomery No. 23327, 2009-Ohio-4580. We found those cases to be distinguishable, most notably in that those cases involved concurrent sentences that began on the same date. *Heys* at ¶ 17, quoting *State v. Ways*, 2d Dist. Montgomery No. 25214, 2013-Ohio-293, ¶ 22. We emphasized that jail-time credit does not include periods of time that a defendant has been incarcerated solely by reason of a sentence previously imposed. *Id.* at ¶ 17. Accordingly, Heys was not entitled to jail-time credit for time served on his Logan County case prior to his arrest in his Montgomery County case. He also was not entitled to jail-time credit for the time after January 6, 2019, when he was held solely on the Logan County charges.

**{¶ 32}** Midlam argues that *Heys* supports his contention that he should be credited with the days he was held on bond at the Montgomery County Jail, even though he also was serving his Dearborn County sentence. He further claims that the drugs he possessed in Indiana were stolen in Ohio and, thus, he was serving a sentence in a *related* case when he was held in the Montgomery County Jail.

**{¶ 33}** We disagree with Midlam's contention that his Dearborn County sentence involved a related case. Midlam's Montgomery County offenses concerned aggravated robberies on January 22, May 20, and May 25. In contrast, his Indiana charges arose from his possession of drugs in a different jurisdiction several days, at a minimum, after the robberies.

**{¶ 34}** We therefore conclude that Midlam's circumstances are governed by *Cupp,* which expressly stated that "[a] defendant is not entitled to jail-time credit while held on

bond if, at the same time, the defendant is serving a sentence on an unrelated case." *Cupp*, 156 Ohio St.3d 207, 2018-Ohio-5211, 124 N.E.3d 811, at syllabus. Midlam was serving his sentence on unrelated Dearborn County charges when he was transported to the Montgomery County Jail, and he continued to serve his Dearborn County sentence throughout the pendency of his Montgomery County case. Accordingly, pursuant to *Cupp*, the trial court correctly concluded that Midlam was not entitled to jail-time credit for the period of time between March 1, 2011 (when he was sentenced in Dearborn County) and his sentencing in this case.

{¶ 35} Midlam's assignment of error is overruled.

### III. Conclusion

{¶ 36} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Jamie J. Rizzo
Cole Midlam
Hon. Mary E. Montgomery