[Cite as *State v. Breneman*, 2016-Ohio-597.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2015-CA-16 |
| | : | |
| v. | : | T.C. NO. 15CR13 |
| | : | |
| VIRGIL R. L. BRENEMAN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___19th___ day of _____February_____, 2016.

. . . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, 200 North Main Street, Urbana, Ohio 43078
        Attorney for Plaintiff-Appellee

WILLIAM O. CASS, JR., Atty. Reg. No. 0035417, 135 West Dorothy Lane, Suite 209, Kettering, Ohio 45429
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Virgil Breneman appeals from his conviction and sentence in Champaign

C.P. No. 2015 CR 13, claiming that the trial court erred in awarding him only 71 days of

jail time credit toward his 48-month sentence.[1]   For the following reasons, the trial court's judgment will be affirmed.

## I. Background and Procedural History

{¶ 2} In 2014, Breneman was convicted of possession of heroin, and on July 21, 2014, he was placed on community control.   Breneman was informed that he faced 12 months in prison if he violated the terms of his community control.   Case No. 2014 CR 121.

{¶ 3} On January 13, 2015, Breneman and three other individuals drove to a home in Urbana, broke into the residence, removed property from the house, and placed it in the car.   When the homeowner returned while they were in the house, the group broke a window and fled from the residence on foot.   Later that night, Breneman broke into a vacant residence on the same street, apparently to keep warm.

{¶ 4} Breneman was arrested in the early morning hours of January 14, 2015, and he was charged by complaint with various offenses arising out of his conduct.

{¶ 5} On February 5, 2015, Breneman was indicted for burglary, a felony of the second degree (Count One); attempted petty theft, a misdemeanor of the second degree (Count Two); vandalism, a felony of the fifth degree (Count Three); possession of criminal

---

[1] As discussed, *infra*, the trial court's judgment entry addressed both the violations of community control in Case No. 2014 CR 121 and the new charges in Case No. 2015 CR 13; both case numbers were listed in the judgment entry's caption.   However, Breneman's notice of appeal was filed only in Case No. 2015 CR 13, and his argument on appeal challenges the amount of jail time credit in that case only.   Although the parties and this Court have previously listed both trial court case numbers in the appellate case caption, the only case on appeal is Case No. 2015 CR 13.   We further note that any challenge to the trial court's award of 171 days of jail time credit in Case No. 2014 CR 121 would now be moot, as Breneman has served the entirety of his 12-month sentence in that case.   *See State v. Wright*, 2d Dist. Montgomery No. 26471, 2015-Ohio-3919, ¶ 44-45.

tools, a felony of the fifth degree (Count Four); and trespass in a habitation, a felony of the fifth degree (Count Five). Case No. 2015 CR 13. It appears that Breneman remained in jail throughout the pendency of his criminal case on the new charges.

{¶ 6} On March 20, 2015, Breneman entered into a plea agreement with the State, pursuant to which he pled guilty to attempted petty theft (Count Two), trespass in a habitation (Count Five), and burglary, a felony of the third degree (Count Six, added by bill of information). In exchange for the plea, the remaining charges were dismissed.

{¶ 7} As part of the plea, Breneman also admitted that he had violated his community control in Case No. 2014 CR 121 in several respects, including by committing the new offenses. During the plea hearing, the trial court informed Breneman that he would receive a sentence of 12 months in prison for violating his community control sanctions on the possession of heroin charge. In response to questions from Breneman, the trial court stated that Breneman would receive credit for any time that he had already served on that charge. The court stated at the plea hearing:

In looking back at your journal entry of conviction from back in 2014 it appeared at that time that you had no jail time credit. But then you went to West Central, did you not? [Breneman responded affirmatively.] And you would get jail time credit for your time at West Central, you would get jail time credit for your admission and screening time to go to West Central, and you would get jail time credit for your time that you are currently spending in custody now. So you may have a more accurate number at this point as to how much that would be. But I'm advising you, just in general, that if your community control is revoked in the 2014 case and you were

sentenced to prison, you would receive a 12 month sentence on Count One, which would be the one year. And then after that sentence is imposed then we would work on the jail time credit.

The prosecutor responded to the court's statement, indicating that Breneman would get credit "on one case or another," but stated that the court would need to determine at sentencing "which case to apply it to." The court then told Breneman that, "[a]s a general rule, you can't receive double credit."

{¶ 8} The trial court sentenced Breneman for both the community control violations and the new offenses on March 25, 2015. The trial court sentenced Breneman to two months in jail for petty theft, 12 months in prison for trespass in a habitation, and 36 months in prison for burglary. The trespass and burglary sentences were run consecutively to each other, but concurrently with the petty theft, for a total sentence of 48 months in prison. The court also imposed an aggregate fine of $250, restitution of $7,505, and court costs. The trial court revoked Breneman's community control in Case No. 2014 CR 121 and imposed one year in prison, to be served concurrently with the sentence in Case No. 2015 CR 13.

{¶ 9} With respect to jail time credit, the trial court initially stated at the sentencing hearing that it credited Breneman with 242 days of jail time credit toward his 48-month sentence. The State objected to the trial court's determination, arguing that 71 days should be applied to the 48-month sentence and the balance (171 days) should be applied to his 2014 case. The State explained that much of the jail time credit accrued for Case No. 2014 CR 121 prior to Breneman's committing the offenses in Case No. 2015 CR 13. Defense counsel directed the trial court to *State v. Fugate*, 117 Ohio St.3d 261,

2008-Ohio-856, 883 N.E.2d 440, regarding the imposition of jail time credit when concurrent sentences are imposed.

{¶ 10} The court filed a single judgment entry addressing both cases, and imposed sentences consistent with the sentencing hearing. The trial court awarded jail time credit as follows:

Case No. 2014 CR 121:

Defendant has one hundred seventy-one (171) days jail time credit as of Wednesday, March 25, 2015, representing:

- Sixteen (16) days from July 22, 2014 to August 6, 2014; and

One hundred fifty-five (155) days from August 7, 2015 [sic] to January 5, 2015 at West Central Community Based Correctional Facility.

Defendant shall receive additional jail time credit pending delivery to the institution.

Case No. 2015 CR 013:

Defendant has seventy-one (71) days jail time credit as of Wednesday, March 25, 2015, representing:

- Seventy-one (71) days from January 14, 2015 to March 25, 2015.

Defendant shall receive additional jail time credit pending delivery to the institution.

{¶ 11} Breneman appeals from the trial court's judgment, raising one assignment of error.

**II. Jail Time Credit**

{¶ 12} Breneman's sole assignment of error states: "The Trial Court Erred When It Did Not Apply the Full Amount of the Appellant's Jail Time Credit to his 48 Month

Sentence."

{¶ 13} Breneman claims that he is entitled to have 242 days of jail time credit applied to his 48-month sentence in Case No. 2015 CR 13. He emphasizes that he was sentenced on the same day in both Case Nos. 2014 CR 121 and 2015 CR 13, and he asserts that all jail time credit accrued prior to the date of sentencing should be applied to both cases.

{¶ 14} R.C. 2967.191, governing jail time credit, implements the equal protection right to credit for prior incarceration. *Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440; *State v. Angi*, 2d Dist. Greene No. 2011 CA 72, 2012-Ohio-3840, ¶ 7, citing *State v. Coyle*, 2d Dist. Montgomery No. 23450, 2010-Ohio-2130, ¶ 5. The statute provides, in part:

> The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term * * *.

{¶ 15} "Although the [department of rehabilitation and correction] has a mandatory duty pursuant to R.C. 2967.191 to credit an inmate with jail time already served, it is the trial court that makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence." *State ex rel. Rankin*

*v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7, quoted by *Coyle* at ¶ 7.

{¶ 16} Breneman argues that the trial court erred in failing to credit him with 242 days of jail time credit on each of his cases. He relies on *Fugate* and *State v. Cole*, 2d Dist. Montgomery No. 23327, 2009-Ohio-4580.

{¶ 17} In *Fugate,* the defendant committed new offenses while on community control. Following his indictment, the probation department moved to revoke the defendant's community control. The trial court held a revocation hearing immediately before sentencing Fugate on the new charges. Fugate admitted that his new charges violated his community control, and the court revoked his community control. The court imposed concurrent sentences for the community control violation and the new charges. Based on information from a probation officer, the trial court applied 213 days of jail time credit to the 12-month sentence it imposed for the community control violation; the trial court did not award jail time credit for the sentence on the new charges. The record before the supreme court (which consisted of the record for the new charges only) indicated that Fugate had spent 213 days in jail on both the community control violation and the new charges. Fugate appealed, arguing that he should have received jail time credit of 213 days toward each of his concurrent prison sentences.

{¶ 18} The Supreme Court of Ohio reversed, holding:

[W]hen concurrent prison terms are imposed, courts do not have the discretion to select only one term from those that are run concurrently against which to apply jail-time credit. R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the

offender has been held. If courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be * * * to deny credit for time that an offender was confined while being held on pending charges. So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit.

*Fugate* at ¶ 12.

{¶ 19} *Cole* also concerned concurrent sentences for violations of community control and new charges. In *Cole*, the defendant committed felonious assault and was indicted on new charges while on community control for receiving stolen property. On the same date, the trial court revoked his community control and sentenced him for both the felonious assault and the community control violation. The trial court imposed a one-year sentence in both cases. The trial court awarded Cole 83 days of jail time credit in the felonious assault case (the time since his arrest) and 143 days of jail time credit in the receiving stolen property case. The trial court reasoned that Cole was not entitled to jail time credit in the felonious assault case for any time in jail prior to the felonious assault offense. Cole appealed, claiming that he was entitled to 143 days of jail time credit in both cases.

{¶ 20} We reversed the trial court's determination, explaining:

The date on which a subsequent offense was committed is irrelevant to the analysis and result the holding in *Fugate* requires. So long as two or more sentences are imposed concurrently, the jail-time credit applicable to each

sentence applies to all sentences imposed. Whether the terms of the sentences are identical, as in the present case, or of different lengths, as in *Fugate*, their respective jail-time credits apply to each term of incarceration made concurrent. On that basis, any shorter jail-time credit for one sentence is subsumed into the longest jail time credit available for any of the concurrent sentences. Otherwise, the defendant is denied the credit to which he is entitled for that longer term.

*Cole* at ¶ 13. We thus held that the trial court erred when, having imposed concurrent sentences in the two cases, it failed to credit Cole with 143 days of jail time credit against his sentence for felonious assault. *Id*. at ¶ 14.

{¶ 21} Neither *Fugate* nor *Cole* involved whether the defendant was entitled to jail time credit for time that the defendant spent serving a sentence in another case. We have consistently held that jail time credit is not appropriate where the defendant was serving a sentence for a separate offense. *See, e.g., State v. Spears,* 2d Dist. Montgomery No. 25645, 2014-Ohio-146, ¶ 2 ("Jail time credit is not permitted under R.C. 2967.191 where the defendant was serving time for a separate offense."); *Angi,* 2d Dist. Greene No. 2011 CA 72, 2012-Ohio-3840; *State v. Rios,* 2d Dist. Clark No. 10 CA 59, 2011-Ohio-4720. *See also State ex rel. Rankin v. Mohr,* 130 Ohio St.3d 400, 2011-Ohio-5934, 958 N.E.2d 944, ¶ 2. We recently reaffirmed this interpretation of R.C. 2967.191 in *Spears,* where we held that the trial court did not err in failing to credit the defendant with 28 additional days of jail time credit, during which he served time for an unrelated misdemeanor offense. And in *State v. Russell*, 2d Dist. Montgomery No. 26503, 2015-Ohio-3373, we held that the defendant's jail time credit for his felony case did not include

time that he spent in jail serving a misdemeanor sentence while his felony case was pending.

{¶ 22} In the case before us, the trial court revoked Breneman's community control and imposed concurrent sentences for both the community control violation and the new charges on the same date. Based on the trial court's calculation in its judgment entry, Breneman accrued 171 days of jail time in Case No. 2014 CR 121 during the period of time preceding the new offenses, and he was credited with that time in Case No. 2014 CR 121. In Case No. 2015 CR 13, Breneman was awarded 71 days of jail time credit, representing the day of his arrest on the new charges through sentencing in that case.

{¶ 23} According to the record before us, Breneman was sentenced to community control in Case No. 2014 CR 121 on July 21, 2014. Breneman does not claim that he accrued jail time credit prior to that date. At the March 20, 2015 plea hearing, the trial court noted that Breneman had spent time at West Central Community Based Correctional Facility, for which he would receive jail time credit, and that he would get credit for his "admission and screening time to go to West Central." The March 25, 2015 judgment entry for Case No. 2014 CR 121 included 16 days of jail time credit for July 22 to August 6, 2014, and 155 days of jail time credit for the time that Breneman was at West Central, for a total of 171 days.

{¶ 24} Although the 171 days between July 22, 2014 and January 5, 2015 count as jail time credit for purposes of Case No. 2014 CR 121, Breneman's post-sentencing confinement for assessment and treatment at West Central was part of his community control sanctions in Case No. 2014 CR 121. Breneman was "serving a sentence for a separate offense" when he was confined for assessment and treatment at West Central

in Case No. 2014 CR 121, and, as a result, he could not properly receive jail time credit for that time in Case No. 2015 CR 13.

{¶ 25} Excluding the 171 days that Breneman was confined in Case No. 2014 CR 121 between July 22, 2014 and January 5, 2015, Breneman was held in pretrial confinement from January 14, 2015 to March 25, 2015, due to the new offenses. Breneman received jail time credit for this time, totaling 71 days, in Case No. 2015 CR 13. The trial court did not err in awarding him this amount.

{¶ 26} We note that the trial court's calculation of jail time credit in Case No. 2014 CR 121 did not include any period of time after Breneman's arrest on the new offenses (January 14, 2015 to March 25, 2015). As discussed in *Fugate*, defendant may accrue jail time credit in multiple cases at the same time, if he or she is held in pretrial confinement in multiple cases simultaneously. *See also Russell*, 2d Dist. Montgomery No. 26503, 2015-Ohio-3373 (where concurrent sentences were imposed, defendant was entitled to jail time credit in both cases for the 14-day period he was held without bail as pretrial confinement for both the felony charges and the municipal court charges). Based on the record, Breneman was entitled to an additional 71 days of jail time credit in Case No. 2014 CR 121 (for a total of 242 days in that case), representing the time Breneman was also confined in Case No. 2015 CR 13 on the new offenses. However, as the judgment in that case is not before us and Breneman has served his sentence in that case, any error in this regard is moot.

{¶ 27} In summary, the trial court did not err in awarding only 71 days of jail time credit toward Breneman's 48-month sentence in Case No. 2015 CR 13. Breneman's assignment of error is overruled.

### III. Conclusion

**{¶ 28}** The trial court's judgment will be affirmed.

. . . . . . . . . . . .

HALL, J., concurring:

**{¶ 29}** I agree that the time Breneman spent in confinement in the old case, 2014 CR 121, prior to the commission of the offenses in the new case of 2015 CR 13, was spent serving the sentence in 2014 CR 121. Accordingly, Breneman is not entitled to credit against his new case for time incarcerated serving a sentence in his old case. *State v. Spears*, *supra*.

**{¶ 30}** I write separately to reiterate my view that *State v. Cole*, 2d Dist. Montgomery No. 23327, 2009-Ohio-4580, which appellant argued applies here, is incorrect. I previously have commented that I believe *State v. Cole* is wrong. *See State v. Ways*, 2d Dist. Montgomery No. 25214, 2013-Ohio-293, ¶¶ 25-32 (Hall, J., concurring). The correct analysis for determining when old case pre-trial detention applies to a newly committed case was used by Judge Yarbrough in *State v. Wyburn*, 6th Dist. Lucas No. L–10–1292, 2011-Ohio-5307. However, that conclusion does not affect the result in this case.

. . . . . . . . . . . .

WELBAUM, J., concurring:

**{¶ 31}** I agree that the issue concerning jail time credit in Case No. 2014CR121 is moot, as is my agreement with Judge Hall's concurring opinion.

. . . . . . . . . .

Copies mailed to:

Jane A. Napier
William O. Cass, Jr.
Hon. Nick A. Selvaggio