[Cite as *State v. Taylor*, 2022-Ohio-4120.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29410 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-03225 |
| | : | |
| MICHAEL D. TAYLOR | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of November, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Atty. Reg. No. 0095826, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CHARLES M. BLUE, Atty. Reg. No. 0074329, 401 East Stroop Road, Kettering, Ohio 45429
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Michael D. Taylor appeals from his conviction following a guilty plea to one count of felonious assault, a second-degree felony.

{¶ 2} Taylor contends the trial court erred in failing to grant him the proper amount of jail-time credit. He also claims the trial court unreasonably delayed sentencing in violation of Crim.R. 32(A). Finally, he asserts that the trial court imposed an incorrect period of post-release control.

{¶ 3} Upon review, we see no error in the trial court's jail-time credit calculation and no unreasonable sentencing delay. We do agree that the trial court imposed an incorrect period of post-release control. Accordingly, the trial court's judgment will be affirmed in part and reversed in part. The case will be remanded for imposition of a proper post-release control term.

## I. Background

{¶ 4} On November 22, 2021, Taylor pled guilty as charged to one count of felonious assault. The trial court originally scheduled sentencing for December 6, 2021. Prior to that date, the trial court learned that Taylor faced new felony charges in another Montgomery County case. As a result, the trial court postponed sentencing to facilitate a global resolution of both cases. Taylor appeared in court again on January 24, 2022, and tentatively agreed to plead guilty to one count in the new case and to be sentenced in both cases on February 7, 2022.

{¶ 5} As anticipated, Taylor pled guilty on February 7, 2022, to having a weapon while under disability in the new case. The trial court immediately proceeded to

sentencing in both cases. It imposed a prison term of two to three years for felonious assault and a concurrent 18-month prison term for having a weapon while under disability. It also imposed mandatory post-release control of two to five years for the felonious-assault conviction. When a dispute arose regarding jail-time credit, the trial court reserved ruling on the issue and scheduled a February 11, 2022 hearing. At the conclusion of that hearing, the trial court orally granted Taylor 39 days of jail-time credit. In its February 18, 2022 judgment entry, however, it granted him 35 days of jail-time credit. This appeal followed.

## II. Analysis

{¶ 6} In the first of three assignments of error, Taylor contends the trial court erred in failing to grant jail-time credit for the period between December 6, 2021 and January 24, 2022.[1] The former date is the originally-scheduled sentencing date in the above-captioned case. The latter date is when Taylor appeared in court again and agreed to be sentenced in both cases together on February 7th.

{¶ 7} During the period between December 6th, 2021, and January 24, 2022, Taylor was serving an unrelated misdemeanor sentence imposed by the Dayton Municipal Court. Taylor acknowledges that jail-time credit is not appropriate where a defendant incarcerated on a pending felony charge is serving a sentence for an unrelated misdemeanor offense. *See, e.g., State v. Russell*, 2d Dist. Montgomery No. 26503, 2015-

---

[1] Taylor's appeal does not address the discrepancy between the 39 days of jail-time credit orally granted at the hearing and the 35 days awarded in the trial court's judgment entry. He does not even mention that issue. Instead, his argument concerns the larger time period between his originally scheduled sentencing date and the date that he appeared in court and agreed to be sentenced on both cases.

Ohio-3373, ¶ 41 (citing cases). He argues, however, that an exception should exist in his case.

**{¶ 8}** Taylor notes that he was scheduled to be sentenced for felonious assault on December 6, 2021. If sentencing had occurred on that date, his unrelated misdemeanor sentence would have begun running concurrently with his felonious-assault sentence. *See* R.C. 2929.41(A) (recognizing the general rule that a jail term for a misdemeanor is served concurrently with a felony prison term). By continuing disposition, however, the trial court effectively required Taylor to remain in pretrial detention for felonious assault without receiving jail-time credit due to the existing misdemeanor sentence. Taylor asserts that he was ready to proceed with sentencing on December 6th and that the trial court's continuance forced him to serve additional time. In the hearing below, Taylor's attorney summarized his argument as follows:

> Given the delay is not caused by [Taylor] * * *, it was delayed at this point a good two months, which then essentially means he's still just serving his misdemeanor time and not getting any credit for the felony time. So the practical effect is that instead of being sentenced to the felony and starting on December 6th and having everything run concurrently, he's been forced to incur basically an additional two months of consecutive time with the misdemeanor and the felony.

> So it's essentially an equity argument, Your Honor. The delay was nothing of his doing. He really could have been sentenced December 6th without any delay, but it didn't happen that way.

Transcript at 59.

{¶ 9} The trial court rejected Taylor's argument, finding that the traditional rule regarding jail-time credit applied.

{¶ 10} Upon review, we recognize that the trial court sua sponte continued the scheduled sentencing hearing. Taylor entered his guilty plea to felonious assault on November 22, 2021, and the trial court set sentencing for December 6, 2021. When the parties appeared on that date, the trial court acknowledged postponing the matter itself. Transcript at 29. It then explained: "Let me put it this way, Mr. Taylor is facing two new felony charges, which will be heard by the grand jury on December 17th. What I'm going to do * * * is track this case with those two new cases, and we'll have Mr. Taylor back in court hopefully on all three cases on January 24th, 2022, at 9:30." *Id.* at 30.

{¶ 11} Although Taylor was not at fault for the dispositional delay between December 6, 2021, and January 24, 2022, we agree with the trial court's finding that he was not entitled to jail-time credit for that period. The well-established rule is that "jail time credit is not appropriate where the defendant was serving a sentence for a separate offense." *State v. Breneman*, 2d Dist. Champaign No. 2015-CA-16, 2016-Ohio-597, ¶ 21 (citing cases). This rule derives from the language of R.C. 2967.191(A), which provides: "The department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined *for any reason arising out of the offense for which the prisoner was convicted and sentenced*." (Emphasis added.) Here, Taylor was not confined for any reason arising out of his felonious-assault offense. Prior to his sentencing for felonious assault, Taylor already was serving an unrelated

misdemeanor sentence. Therefore, the trial court lacked statutory authority to award jail-time credit for the disputed time period.[2] Taylor's first assignment of error is overruled.

{¶ 12} In his second assignment of error, Taylor contends the trial court erred by unreasonably delaying his sentencing in violation of Crim.R. 32(A). He asserts that no legitimate justification existed for postponing his scheduled December 6, 2021 sentencing. He maintains that the trial court's continuance of his sentencing hearing invalidated the sentence ultimately imposed.

{¶ 13} "It is well established that the time of pronouncing sentence is within the discretion of the trial court, and a delay for a reasonable time does not invalidate the sentence." *Neal v. Maxwell*, 175 Ohio St. 201, 202, 192 N.E.2d 782 (1963); *see also* Crim.R. 32(A) ("Sentence shall be imposed without unnecessary delay."). Courts have inferred from *Neal* that an unreasonable delay may invalidate a sentence and deprive a trial court of jurisdiction to act. *See, e.g., State v. Ventura*, 2016-Ohio-5151, 69 N.E.3d 189, ¶ 23 (1st Dist.).

{¶ 14} In *Neal*, 10 months elapsed between the finding of guilt and the imposition of sentence. During that interval, the defendant was tried on new charges under a separate indictment in the same court. In finding the 10-month delay reasonable, the Ohio Supreme Court stated: "The deferring of the pronouncement of sentence on a conviction until trial is had on other indictments pending against an accused does not constitute an unreasonable delay in the pronouncement of sentence, inasmuch as the trial court may

---

[2]  In our view, the only potential issue is whether the trial court acted unreasonably in postponing the scheduled December 6th sentencing. That issue is the subject of Taylor's second assignment of error.

reasonably defer such sentence pending the outcome of the other trials for the purpose of determining the severity of the sentences to be imposed." *Neal* at 202.

{¶ 15} *Neal* bears undeniable similarity to the present case. In *Neal*, the trial court deferred imposition of sentence in one case until another pending indictment against the defendant in the same court was resolved. The trial court then imposed sentences in both cases together. The most obvious difference between *Neal* and the present case is that the delay at issue here, December 6, 2021, to January 24, 2022, was less than two months, whereas the delay in *Neal* was 10 months. In light of *Neal*, we cannot say the trial court abused its discretion in postponing Taylor's sentencing to facilitate resolution of his two cases together, at which time it imposed concurrent sentences to his benefit.[3]

{¶ 16} Finally, Taylor cites Sup.R. 39(B)(4), which provides that a trial court "shall impose sentence or hold a sentencing hearing with all parties present within fifteen days of the verdict or finding of guilt or receipt of a completed pre-sentence investigation report." While recognizing that the Rules of Superintendence do not grant substantive rights to a defendant, Taylor contends Sup.R. 39(B)(4) may serve as a reference point regarding a reasonable delay.

{¶ 17} We agree that Sup.R. 39(B)(4) is relevant insofar as it establishes a 15-day delay as reasonable. Taylor correctly recognizes, however, that the 15-day reference

---

[3] Parenthetically, we note that Taylor expressed no objection or dissatisfaction when the trial court continued his sentencing on December 6th. In fact, when he appeared in court again on January 24th, he explicitly agreed to another continuance until February 7th. *See* Transcript at 31-32. At the time of these postponements, Taylor also did not mention the problem with jail-time credit about which he now complains, and the record contains nothing to suggest that the trial court was aware of the issue when it postponed sentencing.

does not function as a limiting rule of practice or procedure and does not bestow any rights on him. *Ventura* at ¶ 24; *see also State v. Johnson*, 12th Dist. Madison No. CA2002-07-016, 2003-Ohio-6261, ¶ 12 (noting that Sup.R. 39(B)(4) "cannot be used by criminal defendants as a ground for discharge"); *State v. Clark*, 9th Dist. Medina No. 20CA0020-M, 2021-Ohio-3397, ¶ 39. That being so, the trial court's act of sentencing him more than 15 days after his guilty plea did not invalidate the sentence it imposed. The second assignment of error is overruled.

{¶ 18} In his third assignment of error, Taylor contends the trial court erred in imposing two to five years of post-release control for his felonious-assault conviction. The State concedes error, and we agree.

{¶ 19} Felonious assault is a second-degree felony. Post-release control for a second-degree felony that is not a felony sex offense is mandatory for a period of 18 months to three years. R.C. 2967.28(B)(3). Therefore, the trial court erred in imposing two to five years of mandatory post release control at the sentencing hearing and in its judgment entry. *See* Transcript at 51; February 18, 2022 Judgment Entry at 1. The third assignment of error is sustained.

### III. Conclusion

{¶ 20} The judgment of the Montgomery County Common Pleas Court is reversed with respect to its imposition of post-release control, and the matter is remanded for the sole purpose of resentencing to impose post-release control consistent with this opinion. In all other respects, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and LEWIS, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Michael P. Allen
Charles M. Blue
Hon. Kimberly A. Melnick