**[Cite as *State v. Leach*, 2024-Ohio-978.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellant | : | C.A. No. 2023-CA-34 |
| | : | |
| v. | : | Trial Court Case No. 2022 CR 179 |
| | : | |
| JAMES M. LEACH, JR. | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 15, 2024

. . . . . . . . . . .

MEGAN A. HAMMOND, Attorney for Appellant

JOHN A. FISCHER, Attorney for Appellee

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} The State appeals from a judgment imposing prison terms on Defendant-Appellee James Leach, Jr., and awarding him jail-time credit toward those terms. According to the State, the trial court erred in crediting Leach with 303 days of jail-time credit. We agree. While Leach was being held on bond in the current case, he was

serving prison time on an unrelated case, and jail-time credit is not allowed in this situation. Further, the trial court ordered the sentences in this case to be served consecutively to those in the unrelated case, and jail-time credit is also not allowed in that situation.

{¶ 2} Accordingly, the trial court's judgment will be reversed only as to the award of jail-time credit. This case will be remanded for the trial court to file a new judgment entry omitting the jail-time credit and for it to notify the Ohio Department of Rehabilitation and Corrections ("ODRC") of the change.

I. Facts and Course of Proceedings

{¶ 3} On April 29, 2022, Leach was indicted in the Greene County Court of Common Pleas on seven felony counts arising from events that occurred on April 21, 2022. The charges included: two counts of felonious assault, second-degree felonies; abduction, a third-degree felony; aggravated burglary (with a firearm specification), a first-degree felony; grand theft, a third-degree felony; vandalism, a fourth-degree felony; and inducing panic, a fifth-degree felony. A warrant on the indictment was served on Leach at the Montgomery County Jail on May 2, 2022.

{¶ 4} At the time, Leach was in custody for charges brought against him in Montgomery C.P. No. 2022 CR 01157. These charges were based on events that also took place on April 21, 2022, but occurred in Montgomery County, Ohio. The charges were two counts of failure to comply with an order or signal of police officer (serious

physical risk or substantial risk of harm), third-degree felonies.[1]   On May 3, the court in that case set bond of $5,000, and Leach remained in jail until disposition.   Leach pled guilty to one of the charges on May 16, 2022, and on May 31, 2022, the court filed a judgment entry sentencing him to 24 months in prison and granting 36 days of jail time credit up to the date of sentencing.   *State v. Leach*, Montgomery C.P. No. 2022 CR 01157 (May 31, 2022) ("Case No. 01157"), p. 1, https://pro.mcohio.org (accessed on February 5, 2024).

{¶ 5} On June 3, 2022, the court in the current case entered a not guilty plea for Leach, set bond at $100,000 C/S GPS/Electronic Home Arrest Level II, and set trial for August 1, 2022.   Leach was conveyed to prison on the prior conviction on June 15, 2022. ODRC then gave Leach 54 total days of jail-time credit and calculated his release date to be April 24, 2024.   *See* Case No. 01157, Notice of Commitment (July 8, 2022).

{¶ 6} Subsequently, the August trial date in the current case was continued and trial was set for November 14, 2022.   After Leach filed a motion to suppress, the court continued the trial date and set a November 9, 2022 hearing on the motion.   However, on November 9, 2022, Leach appeared in court and pled guilty to counts 2, 4, 5, and 6 of the indictment (felonious assault, aggravated burglary, grand theft, and vandalism); the State agreed to dismiss the remaining counts and specifications.   Transcript of

---

[1] We note that appellate courts commonly "take judicial notice of publically accessible online court dockets."   *State v. Estridge*, 2d Dist. Miami No. 2021-CA-25, 2022-Ohio-208, ¶ 12, fn. 1, citing *State v. McClurg*, 2d Dist. Darke No. 2019-CA-15, 2020-Ohio-1144, ¶ 8. *See also State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 8 and 10 (finding that a court can take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet).   As a result, we may consult the Montgomery County Common Pleas Court records and the ODRC records, which are both public records and are readily accessible on the internet.

Proceedings (Change of Plea Hearing) ("Plea Tr."), 12-13. There was no agreement regarding sentencing. *Id.* at 16. The trial court noted that if it chose to impose a prison term, any prison term would run consecutively to Leach's sentence in Case No. 01157. *Id.* at 17 and 20-22.

{¶ 7} During the plea hearing, the court ordered the defense to submit any brief about sentencing and merger by three weeks before sentencing. The State would then have a week to respond. *Id.* at 25. After the court explained Leach's rights, Leach pled guilty, and the court found him guilty of the four counts. *Id.* at 40-41. The court then set disposition for December 15, 2022.

{¶ 8} On November 21, 2022, Leach filed a sentencing memorandum, and the State responded on November 29, 2022. The State attached the May 31, 2022 termination entry from Case No. 01157 to its memorandum as Ex. 2. In that entry, as noted, the court had sentenced Leach to a 24-month prison term and had given him 34 days of jail-time credit.

{¶ 9} Ultimately, a sentencing hearing in the current case was held on February 8, 2023. However, during the hearing, the court said it needed more time to review the sentencing memoranda. Plea Tr. at 45. The court also reopened the plea hearing to correct a technical error, i.e., to inform Leach that he would be eligible for community control. *Id.* at 45-46. Leach then affirmed that he wished to maintain his guilty pleas as indicated in the November 9, 2022 plea colloquy. *Id.* at 46. The court filed an amended judgment entry to that effect on February 8, 2023.

{¶ 10} During the May 31, 2023 sentencing hearing, the parties agreed that the

sentence in the current case would run consecutively to the Montgomery County sentence by operation of law. Transcript of Proceedings (Final Disposition Hearing) ("Disp. Tr."), 4. At that time, the court also found counts 4 and 5 were allied offenses and merged them, and the State elected sentencing on count 4 (aggravated burglary). *Id.* at 5. The court then sentenced Leach as follows: on count 2, an indefinite sentence of a minimum of four years to a maximum of six years; on count 4, an indefinite sentence of a minimum of four years to a maximum of six years; and on count six, a definite sentence of six months. *Id.* at 6. The court imposed the term for count 2 concurrently with the term for count 4, and imposed the definite term in count 6 consecutively, for an aggregate minimum term of 4.5 years and a maximum term of 6.5 years. *Id.*

**{¶ 11}** The court further stated that Leach's sentence would run consecutively to the sentence from Montgomery County, Ohio. *Id.* at 7. In addition, the court said it would credit Leach with 330 days of jail-time credit by operation of law. *Id.* However, during the hearing, the State raised an issue about this. *Id.* at 11-13. After the court discussed the matter with the attorneys, the following exchange occurred:

THE COURT: * * *

The prosecution pointed out that Defendant may or may not be entitled to jail time credit. And I charge both defense counsel and Prosecutor's Office to investigate that and we can certainly modify the entry accordingly, if need be.

Does that satisfy the State in terms of ameliorating this?

MS. HENNE: Yes, Your Honor.

THE COURT: The Defense?

MR. SWIFT: We would ask for all applicable jail time credit, Judge.

THE COURT: I understand but the manner in which we're going to proceed.

MR. SWIFT: Right.

THE COURT: You accept that.

MR. SWIFT: Yeah.

THE COURT: Alright. Then, that concludes this matter. We're adjourned.

Disp. Tr. at 14-15.

{¶ 12} On the same day, i.e., May 31, 2023, the court filed a judgment entry imposing sentence as outlined during the sentencing hearing, including that the sentence would be served consecutively to the sentence in Montgomery County, Ohio for failure to comply. Judgment Entry (Sentencing) (May 31, 2023), p. 4-5. The court also credited Leach with 303 days of jail-time as of the date of the entry plus future custody days while Leach awaited transportation to the state institution. *Id.* at 5.

{¶ 13} On June 29, 2023, the State appealed from the Judgment Entry. Leach did not appeal.

## II. Jail Time Credit

{¶ 14} The State's sole assignment of error is as follows:

The Trial Court Erred in Awarding 303 days of jail-time credit.

{¶ 15} The State contends the trial court should not have credited Leach with any jail-time credit. The State's argument is based on two points: (1) if a defendant receives consecutive sentences in multiple cases, he is entitled to jail time credit for only one case; and (2) a defendant is not entitled to jail time credit while being held on bond if at the same time, he is serving a sentence in an unrelated case. Appellant's Brief, p. 4.

{¶ 16} In response to the assignment of error, Leach argues first that because the trial court did not hear the State's argument, the State is improperly attempting to have our court consider the matter rather than letting the trial court resolve it. Leach also claims the State improperly attached materials to its brief that were not before the trial court.

{¶ 17} "In reviewing felony sentences 'an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.' " *State v. Six*, 2d Dist. Clark No. 2023-CA-1, 2023-Ohio-2892, ¶ 19, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 18} "The practice of awarding jail-time credit, although now covered by state

statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions. Recognizing that the Equal Protection Clause does not tolerate disparate treatment of defendants based solely on their economic status, the United States Supreme Court has repeatedly struck down rules and practices that discriminate against defendants based solely on their inability to pay fines and fees." *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 7, citing *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). (Other citation omitted.) "Relying on the principle set forth in such cases, courts have held that defendants who are unable to afford bail must be credited for the time they are confined while awaiting trial." *Id.*

{¶ 19} In Ohio, provisions for jail-time credit are codified in R.C. 2967.191. This statute provides, in pertinent part, that:

The department of rehabilitation and correction shall reduce the prison term of a prisoner, as described in division (B) of this section, by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i)1 of section 2929.19 of the Revised Code * * *.

R.C. 2967.191(A).

{¶ 20} R.C. 2929.19(B)(2)(a)-(g) also outlines certain duties trial courts must

perform during sentencing hearings. As relevant here, the court is to "[d]etermine, notify the offender of, and include in the sentencing entry the total number of days, including the sentencing date but excluding conveyance time, that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the definite prison term imposed on the offender as the offender's stated prison term or, if the offense is an offense for which a non-life felony indefinite prison term is imposed under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code, the minimum and maximum prison terms imposed on the offender as part of that non-life felony indefinite prison term, under section 2967.191 of the Revised Code. The court's calculation shall not include the number of days, if any, that the offender served in the custody of the department of rehabilitation and correction arising out of any prior offense for which the prisoner was convicted and sentenced." R.C. 2929.19(B)(2)(g)(i). This statute further provides that "[i]n making a determination under division (B)(2)(g)(i) of this section, the court shall consider the arguments of the parties and conduct a hearing if one is requested." R.C. 2929.19(B)(2)(g)(ii).

{¶ 21} An administrative regulation further provides that sentencing courts are to make a factual determination of the amount of time an offender has served locally before being sentenced. *See* Ohio Adm.Code 5120-2-04(B). The ODRC then further reduces the sentence by the days the offender is confined after sentencing before being committed to the ODRC. Ohio Adm. Code 5120-2-04(A).

{¶ 22} "The well-established rule is that 'jail time credit is not appropriate where

the defendant was serving a sentence for a separate offense.' " *State v. Taylor*, 2d Dist. Montgomery No. 29410, 2022-Ohio-4120, ¶ 11, citing *State v. Breneman*, 2d Dist. Champaign No. 2015-CA-16, 2016-Ohio-597, ¶ 21. This is consistent with the plain language of R.C. 2929.19(B)(2)(g)(i), as quoted above, and we have consistently followed this rule. *Id.* Consequently, the trial court erred in granting Leach any jail-time credit for time he served in prison on Case No. 01157, which was an unrelated case. *See State v. Cupp,* 156 Ohio St.3d 207, 2018-Ohio-5211, 124 N.E.3d 811, syllabus ("[a] defendant is not entitled to jail-time credit while held on bond if, at the same time, the defendant is serving a sentence on an unrelated case").

{¶ 23} Concerning the 54 days that Leach spent in jail before being conveyed to the penitentiary, these days overlapped to a large extent with the time he spent in local jail before being sent to prison on Case No. 01157. The issue here is whether he may receive credit for any of this time (or in essence, receive double-credit).

{¶ 24} In *Fugate*, the Supreme Court of Ohio considered whether a defendant should receive jail-time credit for time spent in jail on a revocation violation and on new charges. In that situation, the trial court imposed concurrent prison terms but allowed jail-time credit only toward the sentence on the revocation violation. *Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, at ¶ 3-4. The Supreme Court of Ohio held this was incorrect, based on the directives in R.C. 2967.191 and Ohio Adm.Code 5120-2-04(F) (now Ohio Adm.Code 5120-2-04(E), which contains the same language).

{¶ 25} The court remarked that "to satisfy this objective [complying with equal protection requirements], when concurrent prison terms are imposed, courts do not have

the discretion to select only one term from those that are run concurrently against which to apply jail-time credit. R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held. If courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be, as in this case, to deny credit for time that an offender was confined while being held on pending charges. So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit." *Id.* at ¶ 12.

{¶ 26} In contrast, where consecutive terms are imposed, "the terms of imprisonment are served one after another. Jail-time credit applied to one prison term gives full credit that is due, because the credit reduces the entire length of the prison sentence." *Id.* at ¶ 22. This is consistent with the fact that " ' "[t]he definition of a concurrent sentence is to be contrasted with the definition of a consecutive sentence, where the second sentence cannot begin to be served until the first sentence has been completed." ' " *State v. Heys*, 2020-Ohio-692, 152 N.E.3d 539, ¶ 13 (2d Dist.), quoting *State v. Ways*, 2d Dist. Montgomery No. 25214, 2013-Ohio-293, ¶ 9.

{¶ 27} Furthermore, providing a double-credit for defendants who cannot post bond would result "in equal protection violations for individuals who post bond on their cases and are subsequently sentenced to consecutive sentences." *State v. Johnson*, 11th Dist. Lake No. 2023-L-006, 2023-Ohio-4093, ¶ 74.

{¶ 28} Accordingly, we agree with the State that Leach was not entitled to have any jail-time credit applied to his current sentences, which were to be served

consecutively to the sentence in Case No. 01157. The trial court therefore erred in awarding any credit.

{¶ 29} As a final matter, we disagree with Leach's argument that the State improperly attached records to its brief or tried to have us decide an issue that the trial court should have first considered. It is true that "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph two of the syllabus. However, the documents the State attached are all public and available online, and they are matters of which we can take judicial notice. These are not factual matters added to the record as in *Ishmail*, where the court of appeals considered the content of a transcript that the trial court did not review in denying the defendant's post-conviction appeal. *Id.* at 406. In contrast, they are simply procedural matters about which there is no dispute.

{¶ 30} An exception is Ex. A, which is from JusticeWeb, a site that is not available to the general public. *See* https://www.mcohio.org/967/JusticeWeb (accessed on February 6, 2024). However, we did not consider that exhibit. The rest of the State's exhibits are from the Montgomery County Clerk of Court website and the ODRC website, both of which we independently consulted.

{¶ 31} Notably, the trial court filed its judgment entry the day of the sentencing hearing. The State, therefore, does not appear to have had an opportunity to resolve the jail-credit issue. It is also not clear that the State had any avenue at that point other than to appeal. R.C. 2929.19(B)(2)(g)(iii) does provide trial courts with jurisdiction to correct

jail-time credit errors. However, this is limited to "any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) of this section." Because the State did raise the potential error at sentencing, the trial court may not have had jurisdiction to reconsider the point, despite its belief that it could change the jail-time credit later.

{¶ 32} This subsection also provides that an "offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion." However, Leach would not likely file a motion to correct an error that benefitted him.

{¶ 33} The error in question also does not appear to simply be a clerical error, which courts can correct at any time pursuant to Crim.R. 36. "Errors subject to correction by the court include a clerical error, mistake, or omission that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 18, citing *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15 and Crim.R. 36. "Nunc pro tunc entries are used to make the record reflect what the court actually decided and not what the court might or should have decided or what the court intended to decide." *Id.*

{¶ 34} Here, the trial court was quite emphatic about its legal judgment, i.e., granting the jail-time credit, and this is what it intended to do. Even if this were otherwise, the State did not have to choose between appealing the order that was entered and filing a motion to correct the record, since use of a nunc pro tunc entry might not have been

found to be correct.

{¶ 35} Based on the preceding discussion, the State's sole assignment of error is sustained.

### III.   Conclusion

{¶ 36} The State's assignment of error having been sustained, the judgment of the trial court is reversed only as to the amount of jail-time credit.   This matter will be remanded for the trial court to file a new judgment entry omitting the jail-time credit and to notify ODRC of the change.

. . . . . . . . . . . . .

EPLEY, P.J. and TUCKER, J., concur.