[Cite as *State v. Hurley*, 2024-Ohio-1610.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-28 |
| | : | |
| v. | : | Trial Court Case No. 2021CR0143 |
| | : | |
| ROBERT E. HURLEY | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 26, 2024

. . . . . . . . . . .

ADAM JAMES STOUT, Attorney for Appellant

MEGAN A. HAMMOND, Attorney for Appellee

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Robert E. Hurley appeals from the trial court's judgment entry revoking his community control and imposing a two-year prison sentence for aggravated drug possession.

{¶ 2} Hurley contends the trial court erred in failing to grant him jail-time credit for a period of pre-sentencing incarceration. He also claims the trial court erred in failing to

make necessary findings to impose his two-year sentence consecutively to a prior sentence out of Highland County.

{¶ 3} We conclude that the trial court correctly calculated jail-time credit. As for consecutive sentencing, we agree with Hurley that the trial court failed to make required findings under R.C. 2929.14(C)(4). Even setting aside that omission, the trial court more fundamentally lacked authority to order consecutive service of Hurley's two-year prison sentence upon revocation of community control. Accordingly, the trial court's judgment will be affirmed in part and reversed in part, and the case will be remanded for the imposition of a concurrent sentence.

### I. Background

{¶ 4} A grand jury indicted Hurley on one count of aggravated drug possession, a third-degree felony. He pled guilty and was sentenced to community-control sanctions on July 29, 2022.

{¶ 5} Thereafter, on November 1, 2022, Hurley's probation officer advised the trial court that Hurley had pled guilty to assaulting a peace officer on October 19, 2022, and had received a prison sentence in Highland County. That same day, the trial court ordered a capias to be issued for Hurley's arrest based on this community-control violation. The capias was issued on November 2, 2022. It was served on Hurley on February 16, 2023, while he was incarcerated at the Ross Correctional Institution.

{¶ 6} The matter proceeded to an April 27, 2023 revocation hearing during which Hurley admitted having violated community control by assaulting a peace officer. The trial court accepted the admission, revoked community control, and imposed a two-year prison

sentence for aggravated drug possession. When orally imposing Hurley's sentence, the trial court ordered it to be served consecutively to two Highland County sentences he was serving for assaulting peace officers. The trial court awarded Hurley 179 days of jail-time credit.

{¶ 7} The trial court subsequently journalized Hurley's sentence in a May 2, 2023 judgment entry, but it failed to mention consecutive service of his two-year prison term. Hurley appealed from the trial court's judgment entry. The State filed a notice of cross-appeal while contemporaneously moving for leave to appeal to address the trial court's failure to impose a consecutive sentence in its judgment entry. The State additionally requested a remand to enable the trial court to file a nunc pro tunc judgment entry imposing the consecutive sentence it orally had imposed.

{¶ 8} In a July 5, 2023 order, this court overruled the State's motion for leave to appeal. We found leave unnecessary because the State had a right to appeal based on its claim that Hurley's sentence was contrary to law. We sustained the State's motion for a remand, however, to enable the trial court to correct what appeared to be a clerical error in its judgment entry. Thereafter, on July 10, 2023, the trial court filed a nunc pro tunc judgment entry ordering Hurley's two-year prison sentence to be served consecutively to the prison terms he was serving out of Highland County. The nunc pro tunc entry again awarded Hurley 179 days of jail-time credit.

## II. Analysis

{¶ 9} As a preliminary matter, we note that the State has abandoned its cross-appeal sub silento. The purpose of the cross-appeal was to challenge the inconsistency

between the trial court's oral imposition of a consecutive sentence and its failure to mention consecutive service in its judgment entry. The trial court cured that inconsistency in its nunc pro tunc judgment entry on remand. Therefore, the rationale for the State's cross-appeal no longer exists, and the State has not taken any action in furtherance of it. In its more recent filings, the State simply has identified itself as "Plaintiff-Appellee." Accordingly, we have no occasion to address the State's abandoned cross-appeal.

{¶ 10} In his own appeal, Hurley raises two assignments of error. The first assignment of error states:

**Mr. Hurley's Sentence Incorrectly Calculated Jail-time Credit for Time**

**that he was Incarcerated Prior to Being Sentenced.**

{¶ 11} Hurley contends the trial court erred in failing to grant him jail-time credit from November 2, 2022 (the date a capias was issued for his arrest) until February 16, 2023 (the date he was served with the capias). Hurley claims entitlement to jail-time credit because he was incarcerated during this period.

{¶ 12} We find Hurley's argument to be unpersuasive. During the entire time at issue, he was in prison serving two Highland County sentences for assaulting peace officers. "The well-established rule is that 'jail time credit is not appropriate where the defendant was serving a sentence for a separate offense.' " *State v. Taylor*, 2d Dist. Montgomery No. 29410, 2022-Ohio-4120, ¶ 11, quoting *State v. Breneman*, 2d Dist. Champaign No. 2015-CA-16, 2016-Ohio-597, ¶ 21. Thus, Hurley is not entitled to jail-time credit in this case for time served in prison on the unrelated Highland County cases. *State v. Leach*, 2d Dist. Greene No. 2023-CA-34, 2024-Ohio-978, ¶ 22 (holding that "the trial

court erred in granting Leach any jail-time credit for time he served in prison on * * * an unrelated case"). The first assignment of error is overruled.

{¶ 13} Hurley's second assignment of error states:

**The Trial Court's Sentence Imposing Consecutive Sentences Failed to Comport with R.C. 2929.14(C)(4).**

{¶ 14} Hurley contends the trial court imposed a consecutive sentence without making any of the findings required by R.C. 2929.14(C)(4). Therefore, he argues that his consecutive sentence must be reversed or vacated. The State's response is two-fold. First, it insists that consecutive-sentence findings are not required where, as here, a trial court makes its sentence consecutive to an existing sentence from another jurisdiction. Second, the State asserts that the trial court orally made the necessary statutory findings and merely failed to incorporate them into its judgment entry. The State contends the proper remedy is another nunc pro tunc judgment entry by the trial court incorporating its oral findings into its judgment entry.

{¶ 15} Upon review, we reject the State's argument that findings are required only when a trial court imposes consecutive sentences on multiple counts within a case or in multiple cases coming before that court. "In Ohio, multiple sentences of imprisonment are generally presumed to run concurrently[.]" *State v. Jones*, 171 Ohio St.3d 496, 2022-Ohio-4485, 218 N.E.3d 867, ¶ 12, citing R.C. 2929.41(A). As a result, R.C. 2929.14(C)(4) obligates a trial court to "make particularized findings to justify its use of discretion to impose consecutive sentences." *Id.* "This also means that *a trial court may make the necessary findings and 'order a prison sentence to be served consecutively to a prison*

*sentence previously imposed on the same offender by another Ohio court.'* " (Emphasis added.) *Id.*, quoting *State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, 887 N.E.2d 328, ¶ 1.

**{¶ 16}** Here the trial court ordered Hurley's two-year prison sentence to be served consecutively to prison sentences previously imposed on him by another Ohio court, namely the Highland County Common Pleas Court. In accordance with *Jones*, R.C. 2929.14(C)(4) findings were required for the trial court to order consecutive service. Contrary to the State's argument, the record does not reveal that the trial court made any of the statutory findings required to impose consecutive sentences. In the portion of the revocation transcript quoted in the State's appellate brief, the trial court found Hurley not amenable to continuing on community control and found "a prison sentence" to be "consistent with the principles and purposes of sentencing[.]" *See* April 27, 2023 Revocation Hearing Tr. at 11. The trial court then ordered Hurley's two-year sentence to be served consecutively to his Highland County prison terms. *Id.* at 12. In so doing, however, the trial court did not address R.C. 2929.14(C)(4) or make any of the necessary findings.

**{¶ 17}** Having determined that the trial court neglected to make the required findings, we turn to the remedy. Under similar circumstances, courts often remand for resentencing, presumably so the missing findings may be made. *See, e.g., State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 262; *State v. Irwin-Debraux*, 2d Dist. Montgomery No. 28309, 2019-Ohio-5013, ¶ 23. In the present case, however, a remand for R.C. 2929.14(C)(4) findings would serve no purpose because the

trial court lacked authority to order Hurley to serve his two-year sentence consecutively to his sentences out of Highland County.

{¶ 18} When placing Hurley on community control, the trial court advised him of the potential prison sentence he faced upon revocation. *See* July 29, 2022 Disposition Transcript at 11. However, the trial court did not inform him that this reserved prison sentence could be ordered to be served consecutively to any other prison term. In *Jones*, the Ohio Supreme Court held that such notice is required before a trial court may order consecutive service of a sentence upon community-control revocation. *Jones* at ¶ 15.

{¶ 19} The circumstances in *Jones* mirror those in Hurley's case. The defendant in *Jones* pled guilty to a felony in Harrison County in November 2016 and was sentenced to community control with a two-year prison sentence reserved. The defendant was not advised that if she violated community control she could be ordered to serve the two-year prison term consecutively to any other prison sentence. *Jones* at ¶ 3. Thereafter, the defendant was convicted of another felony in Jefferson County and sentenced to three years in prison. *Id.* at ¶ 5-6. Based on that conviction, her Harrison County community control was revoked. The trial court in Harrison County ordered her to serve the two-year prison term consecutively to the three-year sentence out of Jefferson County. *Id.* at ¶ 6. The Seventh District Court of Appeals found that consecutive sentences were permitted but remanded the case for the necessary findings under R.C. 2929.14(C)(4). The Ohio Supreme Court accepted a jurisdictional appeal and a certified conflict. *Id.* at ¶ 7-9.

{¶ 20} On review, the Ohio Supreme Court held that the Harrison County trial court lacked authority to impose a consecutive sentence upon revoking community control.

Focusing on a lack of notice to the defendant, the majority reasoned:

> We conclude that when a court revokes community control, it may require that the reserved prison term be served consecutively to any other sentence then existing or then being imposed but only if at the time it imposed community control, it notified the offender that a consecutive sentence on revocation of community control was a possibility. This does not mean that a trial court must notify an offender of the possibility of consecutive sentences in every instance but that in any case in which it does not provide such notice, imposing a consecutive sentence is not available to that court if community control is later revoked. Thus, if an offender who is on community control is convicted and sentenced to prison for a new offense, the revocation proceeding in the original case may not result in a prison sentence that runs consecutively to the new prison sentence if no mention of consecutive sentences was made as part of the original sentence for community control.

*Id.* at ¶ 2.

**{¶ 21}** As *Jones* is directly on point, it dictates the outcome in Hurley's case. When sentencing Hurley to community control, the trial court did not inform him that consecutive service of the reserved sentence was a possibility. Therefore, the trial court was not authorized to impose a consecutive prison term. *Id.* at ¶ 18. That being so, we have no occasion to remand the case for consecutive-sentence findings. *Id.*

**{¶ 22}** Based on the reasoning set forth above, Hurley's second assignment of error is sustained.

### III. Conclusion

{¶ 23} The judgment of the Greene County Common Pleas Court is affirmed in part and reversed in part. The trial court's imposition of a consecutive sentence is reversed, and the case is remanded for the imposition of a concurrent sentence. In all other respects, the judgment is affirmed.

. . . . . . . . . . . . .


EPLEY, P.J. and WELBAUM, J., concur.