[Cite as *State v. King*, 2025-Ohio-1762.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-50 |
| | : | |
| v. | : | Trial Court Case No. 22-CR-0011 |
| | : | |
| BENNIE KING | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 16, 2025

. . . . . . . . . . .

CHIMA R. EKEH, Attorney for Appellant

ROBERT C. LOGSDON, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Bennie King appeals from a judgment of the Clark County Court of Common Pleas, which revoked his community control sanctions and sentenced him to nine months in prison, to be served consecutively to his sentence in another case. King claims that the trial court committed reversible error when it imposed consecutive sentences. The

State concedes error, and we agree. Accordingly, for the following reasons, the trial court's imposition of consecutive sentences will be reversed, and the matter will be remanded for the issuance of a new judgment entry imposing concurrent sentences.

## I. Procedural History

{¶ 2} On January 7, 2022, King was charged by bill of information with aggravated possession of drugs (methamphetamine). The State also sought forfeiture of two firearms, one seized from King's person and the other from the driver's side of his vehicle. Four days later, King waived an indictment and pled guilty to the charged offense, a fifth-degree felony. The court accepted his plea and ordered a presentence investigation.

{¶ 3} At sentencing on February 1, 2022, the trial court imposed four years of community control. The court indicated that if King violated the terms of his community control, he would be sentenced to one year in prison. The trial court did not tell King that such a sentence could be imposed consecutively to another sentence.

{¶ 4} More than two years later, on May 3, 2024, King's probation officer filed an affidavit with the court, stating that King had violated the terms of his community control by possessing a firearm (a Glock 44 .22 caliber black handgun) on January 14, 2024. The affidavit was amended twice, first to change the date of the conduct to April 30, 2024, and second to state that on July 31, 2024, King had pled guilty to improper handling of a firearm in a motor vehicle, a fourth-degree felony, and having weapons while under disability, a third-degree felony, in Clark C.P. No. 2024 CR 0351.

{¶ 5} The trial court held a community control revocation hearing on August 16, 2024, during which King admitted to the allegations in the second amended affidavit.

Defense counsel asked the court not to impose the maximum sentence; the State requested "an additional twelve months" in prison. King told the court that he had "obviously made some mistakes and I'm accepting that." He apologized to the court and the probation department. The trial court terminated King's community control, imposed a nine-month prison term, and ordered it to be served consecutively to the sentence in Case No. 2024 CR 0351.

{¶ 6} King appeals from the trial court's judgment, raising two assignments of error. We will address them together.

## II. Imposition of Consecutive Sentence

{¶ 7} Both of King's assignments of error challenge in the imposition of consecutive sentences. His first assignment of error claims that the trial court erred when it imposed consecutive sentences without having notified him at his original sentencing hearing (when community control was imposed) that a consecutive sentence was possible if his community control sanctions were revoked. In his second assignment of error, King claims that the trial court erred in imposing a consecutive sentence without making the requisite findings under R.C. 2929.14(C)(4).

{¶ 8} The State concedes that King's first assignment of error has merit and asserts that his second assignment of error is, consequently, moot. We agree.

{¶ 9} In *State v. Jones*, 2022-Ohio-4485, the Ohio Supreme Court addressed "whether at the time a court imposes community control, it must notify the offender that a consecutive sentence is a possibility on revocation of community control in order for the court to have the authority, on revocation, to require that the reserved prison term be

served consecutively with another prison sentence." *Id.* at ¶ 11. In resolving the issue, the majority in *Jones* held "that a reserved prison term may be ordered to be served consecutively to any other sentence at a community-control-revocation hearing if notice was given when the prison term was reserved that the term could be required to be served consecutively to another prison term at the time of revocation." *Id.* at ¶ 15. *See also State v. Hurley*, 2024-Ohio-1610, ¶ 18-21 (2d Dist.).

{¶ 10} At King's February 1, 2022 sentencing, the trial court told King that it "will impose a sentence of one year in the Ohio State Penitentiary if the Defendant violates community control." The court did not provide notice that King could be required to serve the reserved one-year term consecutively to another prison term if his community control were revoked. Accordingly, the trial court did not have authority to order the nine-month sentence it imposed to be served consecutively to the sentence in Case No. 2024 CR 0351.

{¶ 11} King's first assignment of error is sustained. Given this disposition, his second assignment of error is overruled as moot.

### III. Conclusion

{¶ 12} The trial court's imposition of consecutive sentences will be reversed, and the matter will be remanded for the issuance of a new judgment entry imposing concurrent sentences.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.